JOSEPH HATHORNE, APPELLANT, VS. PANAMA PARK COM-
PANY, A CORPORATION UNDER THE LAWS OF FLORIDA, AP-
PELLEE.

1. The provision of the constitution that "the right of trial by
jury shall be secured to all and remain inviolate forever"
guarantees such right only in those cases where at the
time of the adoption of the constitution the law gave that
right; and not in those cases where the right and the
remedy with it, are thereafter created by statute, nor
where the cause was already the subject of equity juris-
diction.

2. Section 1744 of the Revised Statutes of Florida providing
for enforcement of the liens of mechanics and material
men by bill in equity is not in derogation of the provision
of the constitution that "the right of trial by jury shall
be secured to all and remain inviolate forever."

3. The provision in section 1743 of the Revised Statutes that
the lien in favor of a sub-contractor shall exist for the
amount due by the owner to the contractor at the time of
the service upon the owner, of notice of the sub-contrac-
tor's claim of lien refers to the amount due by the owner
on account of the improvements made by the contractor
for the owner. Other indebtedness of the owner to the
contractor at the time of the service of such notice will
not entitle the sub-contractor to a lien under this statute.

4. A bill filed by a sub-contractor to enforce his lien, not pray-
ing discovery, but alleging facts upon which such lien is
claimed, which does not make it appear that at the time
of the service of the notice required by section 1743 Re-
vised Statutes, any amount was due the contractor by the
owner on account of the improvements made by the con-
tractor for such owner, is demurrable.

Appeal from the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the court.

*Stephen E. Foster, J. W. Archibald* and *A. H. King,* for Appellant;

No appearance for Appellee.

MAXWELL, C.

The appellant, Joseph Hathorne, filed in the Circuit Court of Duval county his bill against the Panama Park Company, a corporation, and certain parties doing business as the Jacksonville Construction Company, to enforce a lien for labor and materials, upon certain real estate, the property of the Panama Park Company.

The bill alleged that the Jacksonville Construction Company had contracted with the Panama Park Company to put certain improvements upon its property, and that complainant had under contract between himself and the Construction Company performed a certain part of said contract in the year 1896, for which he claimed a lien upon the property in question.

The bill was demurred to by the Panama Park Company as being without equity, as depriving defendant of its right of trial by jury, as attempting to condemn its property not by due course of law, as being too vague in showing whether complainant claimed to be in privity with the owner, and as not clearly setting forth which of the statutory liens was claimed.

The demurer was sustained, the decree rendered by the court further stating that as there was no equity therein,

the bill should be dismissed. From this decree complainant appeals.

It does not distinctly appear from the decree upon what theory the court sustained the demurrer, but from a motion made here to advance the cause because of the great interest and importance of having a determination by this court of the correctness of the ruling of the lower court in holding section 1744 of the Revised Statutes to be in derogation of section 3 of the Declaration of Rights in the constitution, from the brief of counsel, and from the fact that without giving the complainant an opportunity to amend, the court dismissed his bill, we infer that the decree was based upon the ground that equity had no jurisdiction of the case as such jurisdiction would deprive the defendant of his right of trial by jury. We therefore discuss first that ground of the demurrer.

Section 3 of the Declaration of Rights provides that "the right of trial by jury shall be secured to all and remain inviolate forever." This, however, guarantees to the citizens a right of trial by jury only in those cases where at the time of the adoption of the constitution, the law gave that right; and not in those cases where the right, and the remedy with it, are thereafter created by statute, nor where the cause was already the subject of equity jurisdiction. Lavey v. Doig, 25 Fla. 611, 6 South. Rep. 259; Hughes v. Hannah, 39 Fla. 365, 22 South. Rep. 613; Buckman v. State ex rel. Spencer, 34 Fla. 48, 15 South. Rep. 697; Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859.

The statute under which this lien is claimed in section 1744 of the Revised Statutes expressly authorizes its enforcement by bill in equity or by proceedings at law. That statute creates a new right unknown to the common

law and it was competent for the legislature to provide for the enforcement of that right either at law or in equity. Wiggins v. Williams, *supra;* St. Johns and Halifax R. R. Co. v. Bartola, 28 Fla. 82, 9 South. Rep. 853; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. Rep. 743. In equity, parties have not and never had an absolute right to a jury trial, and the provision of the constitution quoted does not guaranty such right. As the legislature had power to grant jurisdiction to courts of equity to enforce this new right created by it, and did not provide for a jury trial, the court of chancery has jurisdiction to enforce the lien as against the appellee in this case according to the regular course of procedure in that court without a jury, and the grounds of demurrer questioning that right were not well taken.

There is another respect, however, within the scope of the demurrer, wherein the bill is defective. The lien sought to be enforced was that of a sub-contractor, one not in privity with the owner. In order that such lien be acquired by him, he must notify the owner of the property that he claims a lien thereon, and the lien which he acquires is limited by "the amount due by the owner to the contractor or other person for whom the work was done or the materials furnished." Sec. 1743 Rev. Stat.

The bill alleges that "after the service of said notice on Panama Park Company, the said Panama Park Company paid over to the Jacksonville Construction Company large sums of money, and at one time $1,600, and that the Panama Park Company still owed a further sum to said Jacksonville Construction Company, the exact amount thereof being unknown to complainant." It nowhere appears from the bill that this indebtedness of the Panama Park Company to the construction Company was in any wise

connected with the contract for the improvements made
by the complainant. It is quite consistent with the bill
that the indebtedness growing out of this contract had
been paid in full by the owner, the Panama Park Compa-
ny, before receiving notice of complainant's claim of lien,
and that the indebtedness referred to in the bill was the
result of some other transaction between the parties. If
this was the case, no lien would arise in favor of com-
plainant, from the notice of lien given by him. The stat-
ute does not authorize the sub-contractor by giving notice
to the owner of the property, of his claim of lien, to trans-
form into a lien of superior dignity upon real estate any
other indebtedness which might be owing by the owner
to the contractor. Such a construction of the statute
would enable the sub-contractor to create a lien of this
character from a simple personal liability of the owner
to the contractor, of a character which had no connection
with the real property of the owner. This was not the
purpose of the law. The demurer to complainant's bill
was for this reason properly sustained, but as the aver-
ments of the bill in this respect are if the facts warrant it,
readily amendable, the case will be remanded with direc-
tions that the decree in so far as it sustains the demurrer
to complainant's bill be affirmed; that in dismissing com-
plainant's bill it be reversed, and that complainant have
leave to amend the bill within such reasonable time as
may be fixed by the Circuit Judge, in default whereof the
cause will be dismissed. Wiggins Ferry Co. v. Ohio &
M. Ry. Co., 142 U. S. 396, text 413, 12 Sup. Ct. Rep. 188.

GLEN, C., and HOCKER, C., concur.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.