FLORIDA COAST LINE CANAL & TRANSPORTATION CO. v. ELLSWORTH TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1906.)

No. 1,483.

TAXATION—SUIT TO SET ASIDE TAX DEED—LACHES.

A complainant held barred by laches from the right to relief in equity against a tax deed.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1593–1597.]

Appeal from the Circuit Court of the United States for the Southern District of Florida.

N. P. Bryan, W. J. Bryan, C. M. Cooper, and J. C. Cooper, for appellant.
E. P. Axtell and C. D. Rinehart, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. We are not advised of the grounds upon which the learned judge of the Circuit Court correctly decided this case.

Whether the case made by the bill and evidence is within the letter and spirit of section 60, p. 25, of chapter 3681 of the Acts of Florida of 1887, as follows:

"No suit or proceeding shall be commenced by a former owner or claimant, his heirs or assigns, or his or their legal representatives, to set aside any deed made in pursuance of any sale of land for taxes, or against the grantee in such deed, his heirs or assigns, or legal representatives, to recover the possession of said lands, unless such suit or proceedings be commenced within four years after date of such sale; provided, that infants, persons of unsound mind, or under guardianship, or imprisoned, may commence such suit or proceedings within three years after such disability shall cease."

—in view of the construction given by the Supreme Court of the state of Florida to prior acts of limitation of a similar nature (see Sloan v. Sloan, 25 Fla. 53, 5 South. 603; McKeown v. Collins, 38 Fla. 284, 285, 21 South. 103), need not be decided, because we are satisfied that on account of laches the appellant is not entitled to relief in a court of equity.

The decree appealed from is affirmed.