MARY W. HAWKINS, A WIDOW, *Appellant*, v. RELLIM INVESTMENT COMPANY, A FLORIDA CORPORATION, *Appellee*.

Division B.

Opinion Filed October 21, 1926.

1. Jurisdiction of proceedings to quiet title and prevent litigation is inherent in courts of equity and, although the courts have imposed limitations upon its exercise it is always competent for the legislative power to remove those restrictions.

2. In construing Section 3 of the Bill of Rights and the Seventh Amendment to the Federal Constitution the courts hold that these provisions are designed to preserve and guarantee the right of trial by jury in proceedings according to the course of the Common law as known and practiced at the time of the adoption of the constitution and in neither case do they extend to or have any reference to equitable demands enforced in the courts of chancery.

3. Chapter 11385 Acts of 1925 (Extraordinary Session) held not in violation of either the Seventh Amendment to Federal Constitution or Section 3 of the Bill of Rights, Constitution of Florida.

Affirmed.

An Appeal from the Circuit Court for Dade County; A. J. Rose, Judge.

*Huber, Clements and Blackwell,* for Appellant.

*Twyman & McCarthy,* for Appellee.

TERRELL, J.—On August 1st, 1925, Rellim Investment Company, appellee, filed its bill of complaint against Mary W. Hawkins and John Anderson, both of Miami, Florida, to declare and enforce a trust in certain property therein more specifically described. October 5th, 1925, appellant, Mary W. Hawkins, filed her answer in which was incorporated a demurrer to the said bill, and on January 4th, 1926, John Anderson filed his demurrer thereto. November 2nd, 1925, Rellim Investment Company filed its general replication to the answer of Mary W. Hawkins, and on March 9th, 1926, no further action having been taken, appellant set the cause down for final hearing on bill and answer as provided for by Chancery Rules 85 and 86 of the Circuit Courts of this State.

March 22nd, 1926, Rellim Investment Company submitted its motion for leave to file an amended and supplemental bill of complaint, which motion was heard and granted over the protest of the appellant and without hearing the cause on original bill and answer according to setting. April 14th, 1926, appellant filed her demurrer to the amended and supplemental bill, which demurrer was

786    SUPREME COURT OF FLORIDA.

Hawkins v. Rellim Investment Co., a Florida Corp.—Opinion of Court.

in due course overruled and appeal was taken from the order overruling said demurrer.

It is contended here that the decree permitting the amended and supplemental bill to be filed after the time for taking testimony had expired was erroneous, that neither the original or the amended and supplemental bill state a cause of action, that it affirmatively appears that Rellim Investment Company has a complete and adequate remedy at law, that a court of equity is without jurisdiction, and that Chapter 11383, Laws of Florida, Acts of 1925 (Extraordinary Session) by which the amended and supplemental bill is sought to be maintained is unconstitutional and has no retroactive effect.

The record as to all these assignments has been examined carefully and on the basis of the facts exemplified, each is adjudged to be without merit. We will attempt here to discuss only the assignment challenging the constitutional validity of Chapter 11383, Acts of 1925. Appellant contends that Chapter 11383 is violative of Section 3 of the Bill of Rights because it fails adequately to provide for a trial by jury, and that it attempts to confer jurisdiction on a court of equity when a complete and adequate remedy exists in ejectment at common law. Section 1 being the part of the Act assaulted in this suit is as follows:

"Section 1. Courts of Chancery in this State shall entertain suits by any person or corporation claiming title to any tract or parcel of land, or portion thereof, or where any two or more are claiming to own the same land or any portion thereof, under a common title, against all persons or corporations claiming title to said land adversely to complainant whether defendants claim or hold under a common title or not; and in said suits shall determine the title of the complainant and may make decrees quieting and confirming the title, and awarding possession to party

VOL. 92, JUNE TERM, 1926.          787

Hawkins v. Rellim Investment Co., a Florida Corp.—Opinion of Court.

or parties entitled thereto; Provided, however, that if the
defendant or any of them in such case is in the actual
possession of any part of the land involved in such suit, a
trial by a jury may be demanded by either party, where-
upon the Court shall order said cause to be docketed on the
law side of said court, and at the next regular term thereof
shall cause an issue in ejectment to be made up and tried
by a jury as to any lands claimed to be in the actual
possession of the defendant, or either of them. But this
provision for a trial by jury shall not affect the proceed-
ings as to any lands involved in such suit as are not claimed
to be in the actual possession of the defendant the court in
equity may proceed to a final decree without awaiting the
determination of the issue in ejectment hereinabove men-
tioned.''

In McDaniel v. McElvy, — Fla. —, 108 South. Rep. 820,
this court said that the method of quieting title under
Chapter 11383 was supplemental and additional to other
remedies provided under the laws of Florida for the like
purpose. It has also been adjudged competent for the
legislature to modify or expand the powers of the court of
chancery as to its entire field of recognized jurisdiction;
provided that rights guaranteed under the constitution are
not thereby impaired. Hughes v. Hannah, 39 Fla. 365, 22
South. Rep. 613.

Jurisdiction of proceedings to quiet title and prevent
litigation is inherent in courts of equity and, although the
courts have imposed limitations upon its exercise it is al-
ways competent for the legislative power to remove those
restrictions. McDaniel v. McElvy, *supra;* Holland v. Chal-
len, 110 U. S. 15, 3 Sup. Ct. Rep. 495; Hughes v. Hannah,
*supra;* Johnson v. Baker, 73 Fla. 6, 74 South. Rep. 210;
Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. Rep. 24.

Section Three of the Bill of Rights, Constitution of Flor-

ida, provides that ''the right of trial by jury shall be secured to all and remain inviolate forever.'' The Seventh Amendment of the Federal Constitution is of like import, and provides that ''in suits at common law where the value in controversy shall exceed twenty dollars the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law.''

In construing Section 3 of the Bill of Rights and the Seventh Amendment to the Federal Constitution the courts hold that these provisions are designed to preserve and guarantee the right of trial by jury in proceedings according to the course of the Common Law as known and practiced at the time of the adoption of the constitution and in neither case do they extend to or have any reference to equitable demands enforced in the courts of chancery. They cover a narrow field of litigation affecting private rights and are not applicable to remedies unknown to the common law. Hughes v. Hannah, *supra;* Blanchard v. Raines, 20 Fla. 467; Buckman v. State *ex rel.* Spencer, 34 Fla. 48, 15 South. Rep. 697; Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859; Parsons v. Bedford, 3 Pet. (U. S.) 433, text 446; Luria v. United States, 231 U. S. 9, Text 27, 34 Sup. Ct. Rep. 10:

The bill in the instant case was primarily for the purpose of declaring and enforcing a trust. The record discloses that the appellant is in possession of certain of the lands against which the trust is sought to be enforced. If in this situation the appellant was entitled to a jury trial and the act brought in question does not make ample provision therefor, it is in palpable disregard of Section 3 of the Bill of Rights of our Constitution. Hughes v. Hannah, *supra;* Tabor v. Cook, 15 Mich. 322; Scott v. Neely, 140 U. S. 106,

11 Sup. Ct. Rep. 712; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. Rep. 833, 977; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. Rep. 276.

Our conclusion is that the proviso to Section One of the Act here quoted carries ample provision to insure parties litigant the right of trial by jury in a common law action where in such a situation as is here presented the right to a jury trial exists. The manner of transferring, docketing and trying such causes is in line with the Federal practice in similar matters and is well supported by the authorities. The decree of the chancellor is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.