ANNA L. TANGEMAN, a widow, *Appellant*, vs. A. E. SJOBLOM, and T. C. SJOBLOM, his wife, *Appellees*.

143 So. 313.

Division B.

Opinion filed August 4, 1932.

*George G. Herring*, for Appellant;

*Wilson & Boyle,* for Appellees.

WHITFIELD, P. J.—In a bill of complaint by Anna L. Tangeman, widow, against A. E. Sjoblom and wife, it is alleged in substance that complainant is the true owner in fee simple of described land; that complainant took possession of the land under a conveyance to her in 1901 by Geo. L. Rouse and wife and remained in possession until deprived of the possession unlawfully by the defendant A. E. Sjoblom in 1925; that on November 22, 1918, the clerk of the circuit court for Seminole County, Florida, executed to A. E. Sjoblom tax deeds conveying the land, based on tax sale certificates of June 3, 1907, for unpaid taxes for 1906; that the tax sale was as the property of *Annie L. Tangerman;* that such deeds are void because (a) the property was not assessed in the name of the owner or as ''unknown;'' (b) no notice was mailed to Anna L. Tangeman the owner of the property advising her of any application for a tax deed; (c) no notice of application of A. E. Sjoblom for a tax deed on said land was ever received or had by complainant, the owner of the land, and the person last paying taxes thereon; (d) the purchaser did not go into actual possession of the land within one year from the date of the tax deeds; (e) said land at the time the tax deed was issued, was in the actual adverse possession of the complainant, and the purchaser under the tax deed did not bring suit within one year to obtain possession of the land; that although tax deeds were void, the defendant some time in the early part of the summer 1925, entered into possession of the land without the knowledge or consent of complainant, and has held the same ever since; that for the reasons stated, the tax deeds are void and convey no title to A. E. Sjoblom. Complainant offers to do equity. It is prayed that the tax deeds be decreed null and void and ordered cancelled; that defendant be ordered to surrender the possession of the lands to com-

plainant, and for general relief. The defendants demurred on grounds in effect: (1) no equity in the bill; (2) no cause of action is stated for relief in equity; (3) Allegations show "no right to bring this action;" (4) Complainant has an adequate remedy at law. The court sustained the demurrer with leave to amend and complainant appealed.

Section 894, Comp. Gen. Laws, 1927, as amended by Section 1, Chapter 14572, Acts of 1929, provides that

"No assessment, and no sale or conveyance of real or personal property for non payment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificates issued for non-payment of taxes."

Even if this statute is not applicable to tax sale certificates issued in 1907, and to tax deed issued in 1918, the tax deeds were issued November 22, 1918, and the defendant took possession in 1925, and the bill in this case was not filed until April 3, 1931. During the time from 1925 to April 3, 1931, the defendant was in possession of the lands under his tax deeds and the bill prays a decree that the defendant "surrender the possession" of the lands. The four-year limitation to suits to recover possession after the holder under a tax deed entered into actual possession of the land, Section 1020, Comp. Gen. Laws, 1927, is applicable since the complainant prays for a decree for the surrender of the possession of the lands to her. In equity she may also be in laches in bringing her suit to cancel the tax deeds and for the surrender of the possession of the land, more than twelve years after the tax deeds were issued and about five years after the defendant took possession of the lands under the tax deeds.

The bill alleges that the complainant was unlawfully deprived of her possession of the lands by the defendant who "entered into the possession of the above-described

lands without the knowledge or consent of complainant;'' but the allegation as to unlawful dispossession is a mere conclusion, no supporting facts being alleged.

Apparently the defendant did not, within four years from the date of the tax deeds, bring suit to recover possession of the land under the tax deeds; but it is alleged that in 1925 the defendant entered into the possession of the lands and has held the same ever since. Section 591, Gen. Stats. of 1906, Section 794, Rev. Gen. Stats. of 1920, which was amended in 1927 as shown by Section 1020, Comp. Gen. Laws, 1927, is as follows:

''When the holder of a tax deed goes into actual possession, occupancy and use of the land embraced in such tax deed, and so continues for a period of four years, no suit for the recovery of the possession thereof shall be brought by a former owner or other adverse claimant unless such suit be commenced within, or prior to, the said period of four years after the holder under such tax has entered into the actual possession, occupancy and use of the land embraced in said tax deed; and the holder of such tax deed, where the said real estate is in adverse actual possession, occupancy and use of any person, shall not be entitled to recover possession of such real estate under such tax deed, unless suit for such recovery shall be brought within four years from the date of such tax deed; Provided, however, that infants, persons of unsound mind or under guardianship or imprisonment may commence suit or proceedings under this law within three years after the recovery or discontinuance of such disability.''

The tax deeds are not shown to be void on their face, and this suit to cancel the tax deeds and to have possession of the lands surrendered to the complainant who was the former owner, was not brought for more than four years after the time it is alleged that under the tax deeds the defendant entered into the possession of the land which he has held ever since.

Affirmed.

Terrell and Davis, J.J., concur.

Buford, C.J., concurs in the opinion and judgment.

Ellis and Brown, J.J., dissent.

Ellis, J., dissenting.—from the year 1901 when Anna L. Tangeman acquired the title to the land until the year 1925 when Sjoblom unlawfully went upon it and into possession Mrs. Tangeman was the owner in fee simple of the property and in possession of the same. There were two parcels, one containing 14.55 acres in Lot 1 of Section 10 in Township 20, South, Range 30 East; the other contained 25.15 acres in the Northeast quarter of the Southwest quarter of the same section, making a total of 39.7 acres.

A. E. Sjoblom acquired in November, 1918, a tax deed to all of Lot 1 lying East of the South Florida Railroad in Section 10 of the same Township and Range, containing 16 acres more or less. The deed was based upon Tax Sale Certificate No. 404 issued at the June sale 1907 for the taxes of 1906.

On the same day in November, 1918, Sjoblom acquired a tax deed to lands in the Southwest quarter of Section 10 in the same Township and Range. The deed was based upon Tax Sale Certificate No. 405 issued at the June sale 1907 for the taxes of 1906.

The description of the land contained in the two tax deeds covered the lands which Mrs. Tangeman acquired in 1901.

In April, 1931, Mrs. Tangeman exhibited her bill in the Circuit Court for Seminole County against Sjoblom and his wife for the cancellation of the two tax deeds and offering to reimburse Sjoblom the full amount of the cost of the two tax deeds with interest, deducting therefrom whatever sum the court should find to be the reasonable value for the use of the property by Sjoblom.

In 1925 Sjoblom began a suit by bill in equity to quiet

the title to the land described in his tax deeds but the bill was dismissed by the court.

The prayer contained in the bill filed by Mrs. Tangeman was for a cancellation of the two tax deeds; that Sjoblom be required to surrender possession of the land to Mrs. Tangeman and for general relief.

The prayer rested upon the allegations that Mrs. Tangeman was the owner in fee of the lands; that the tax deeds held by Sjoblom were void because the lands were not assessed for the taxes of 1906 in the name of the owner of the property or as "unknown;" that no notice was sent to the complainant of the application for the tax deeds; nor was any such notice ever received by her; that Sjoblom did not go into possession of the land within a year from the date of the tax deeds and when they were obtained Mrs. Tangeman was in the actual adverse possession of the land and the purchaser of the tax deeds, Sjoblom, did not bring his suit to obtain possession within one year from the date of the deeds.

A demurrer to the bill for want of equity was sustained and Mrs. Tangeman appealed.

It thus appears that Sjoblom's tax deeds were attacked as clouds upon Mrs. Tangeman's title to the land and she sought under the provisions of Section 5010 C. G. L. 1927 to quiet her title and secure possession of the land. Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 South. Rep. 350.

As stated the grounds of the demurrer which were four were in substance that there was no equity in the bill and that the complainant has an adequate remedy at law. It was not contended that the tax deeds being prima facie valid, that is to say there being no patent imperfections in them, that they were unassailable and impervious to attack, no contention that they had become unassailable by the passage of time, nor was Chapter 14572, Act of 1929, or Sec. 894 C. G. L. 1927, invoked to impart life to a void cer-

tificate or invalid tax deed. In fact that bill of legislation, Chapter 14572, supra, which has been considered so many times by this court in an effort to ascertain its meaning has never been supposed to possess the quality of retroactive force so as to restore life to a void tax certificate or defunct tax deed issued in prior years.

In fact Chapter 5152 Laws of 1903 and Chapter 5596 Laws of 1907 under which the tax deeds in this case were obtained provided that if the person acquiring a tax deed did not bring a suit for the recovery of the possession of the lands described in the deed within one year after the passage of the Act of 1907 said tax title should become. void and of no effect. And where the land was in the actual adverse possession of any person the purchaser at tax sale should not be entitled to recover possession of such real estate bought at tax sale unless suit for the recovery of the land should be brought within one year from the date of acquiring the *right* to *such* tax *title*. Sec. 794 R. G. S.

The tax deeds were acquired in 1918. Assuming that Sjoblom then acquired the right to such tax titles for the first time, according to the allegations of the bill Mrs. Tangeman was in possession of the lands claiming title under conveyances from her grantors and remained in possession until the year 1925, more than six years after the expiration of the time during which Sjoblom was entitled to recover possession of the land by legal procedure even if his tax deeds were valid. But now it seems to be held that by the simple process of waiting until his right to invoke the aid of the courts to obtain possession had become extinct and from a standpoint of law his claim had become stale and unenforceable he may restore to life the extinct tax deed by unlawfully entering upon the lands and in law becoming a trespasser.

I am of the opinion that Mrs. Tangeman's delay of four

years in bringing her suit to remove the cloud on her title and regain possession of her land imparted no validity to the tax deeds which at that time had lost the quality of prima facie validity and had become merely a color of title to support a claim to title by adverse possession.

I therefore think that the order sustaining the demurrer to the bill was erroneous and should be reversed.

BROWN, J., concurs.