## HOLLIDAY v. MANGELS et al.

District Court, N. D. Florida.

May 3, 1940.

472

John H. Carter and John H. Carter, Jr., both of Marianna, Fla., for plaintiff.

Philip D. Beall, of Pensacola, Fla., for defendants Wade and wife.

LONG, District Judge.

The bill as amended seeks to foreclose a mortgage dated October 18, 1925; to have the deed made from Whitehurst to Wade declared a mortgage; and to bring in Mrs. Wade as a party defendant. The answer admits the execution of the mortgage, but claims title to the property under a separate and distinct source of title, the foundation of which is a tax deed issued by the State of Florida to one J. J. Pollock on August 22, 1931, who was a predecessor in title of the defendant Wade and wife Beulah Wade. It denies the character of the deed from Whitehurst to Wade and wife Beulah, and contends by reason of the four-year possession statute of Florida that the property described in the mortgage is now held adversely by the defendants. It further alleges that valuable improvements have been made on the property by the Wades and their predecessors in title, and that in the event of a decree of foreclosure provision should be made for reimbursement.

A motion to dismiss the bill as to the defendant Wade upon the ground he was not a necessary party was timely made, and while the court was inclined to agree with such contention it was apparent that other litigation would necessarily follow, and that all the rights of the parties might be adjudicated in this suit as contemplated by the rule, the motion was denied.

■ The defense in the case rests upon the factual question of whether or not Wade and his predecessors in title have had open, notorious and adverse possession of the mortgaged premises sufficient time for such possession to ripen into title. The evidence conclusively establishes the fact that the tax deed was issued by the State to one Pollock on August 22, 1931; that Pollock deeded to Vickery October 3, 1932; that Vickery and wife deeded to Whitehurst September 6, 1932, who entered immediately into possession of the property and remained in possession until he deeded to Wade and wife Beulah, on May 25, 1938, —and that since said time the said Wade has had possession of the described property; that Whitehurst mortgaged the property to Wade on September 21, 1936.

■ It is further contended by plaintiff that the deed from Whitehurst to Wade and wife was in effect nothing more than a mortgage. This contention cannot prevail as the evidence is convincing that a sale was made by Whitehurst to Wade of the property and that a consideration far in excess of the amount secured by the mortgage was paid to Whitehurst for said property.

■ It is next contended by plaintiff that the four years' statute of limitation on tax deed (section 591 of the General Statutes, section 1020, Comp.Gen.Laws 1927) applies only to the holder of the tax deed, and not to any successor in the chain of the title. The statute follows: "When the holder of a tax deed goes into actual possession, occupancy and use of the land embraced in such tax deed, and so continues for a period of four years, no suit for the recovery of the possession thereof shall be brought by a former owner or other adverse claimant, unless such suit be commenced within, or prior to, the said period of four years after the holder under such tax deed has entered into the actual possession, occupancy and use of the land embraced in said tax deed".

With this contention the court is not in accord. One of, if not the leading case, decided by the Supreme Court of Florida, Day v. Benesh et ux., 104 Fla. 58, 139 So. 448, 452, answers this question in the following language:

"We do not, however, understand the above, with reference to taxes and improvements, means that a person holding possession under a warranty deed from his immediate predecessors in title, who had possession for four years under a deed from one to whom a tax deed was issued by the state (or was a purchaser at tax sale), cannot claim the benefit of the four years' adverse possession as a limitation in a suit to dispossess him; whether in an ejectment suit or a suit to quiet title. * * *

**473**

"There is no reason why the rights accruing to a tax deed holder should not accrue to his grantees who establish possession for the statutory period of four years."

The next contention of plaintiff is the invalidity of the tax deed because the assessment was void. The tax deed which is the source of title under which the defendant Wade and his wife Beulah claim is not void on its face. It contains all of the recitals prescribed by the statute and the execution thereof is in the prescribed form, and while the case at bar is not one in which a tax deed holder is asking for affirmative relief, but is an assault by a mortgagee against an adverse claimant under a former owner, the Supreme Court of Florida has held:

"Even though the tax deed be void because the assessment of the land was void, if the defendant or those under whom he claims went into actual possession of the land purchased at the tax sale, such actual possession for the statutory period prior to the origin of this suit will bar this suit. * * *

"As the limitation prescribed by section 591 of the General Statutes of 1906 rests upon the actual possession of land purchased at a tax sale, when the tax deed falls because it is void, the statute does not fall with the deed, because it rests upon the possession of the land, and the deed becomes merely the color of title. The statute would not apply if the tax deed were void, and no title by adverse possession was shown. * * *

"When the state sells land at tax sale, gives the purchaser a deed regular on its face, takes his money, and requires him to go into the actual possession of the land so purchased for four years, causing the purchaser thereby to improve the land at his expense, before he can claim the protection of the statute of limitations, and the purchaser has complied with all the requirements of the law, the former owner who is in default should not be permitted to oust the purchaser because of the dereliction of the officials of the state. The lawmakers have declared this should not be done, good policy proclaims its wisdom, and the courts should give effect to this legislation." Florida Finance Co. v. Shef-field, 56 Fla. 285, text page 289, 48 So. 42, text page 43, 23 L.R.A.,N.S., 1102, 16 Ann. Cas. 1142.

As to the question of seven years' adverse possession, the record discloses that the title to the property described in the mortgage and deed from Whitehurst to Wade is vested in the defendant and his wife Beulah, and under the evidence is an estate in entirety. And while the suit was brought April 14, 1939, some six months before the seven-year period had run, in which suit the defendant Wade was a party defendant, the defendant Beulah Wade was not made a party until in December, 1939, subsequent to the seven-year period.

The court is further of the opinion that laches may be charged against the plaintiff and is a complete defense in this cause. It appears that no effort was made to pay taxes upon the lots in question since 1923, nor was the validity of the certificates issued in 1916 in any way questioned until April, 1939; that for seventeen years no attempt was made to redeem, and no effort made to assault any tax certificate for more than thirteen years; that no claim of any nature was urged by the plaintiff from September 1932 until 1939, during which time valuable improvements to the amount of some eight thousand dollars was made by the defendant Wade and his predecessors in title, and no excuse is offered for such delay. Florida Coast Line Canal & Transportation Co. v. Ellsworth Trust Co., 5 Cir., 144 F. 972; Tangeman v. Sjoblom, 106 Fla. 379, text page 381, 143 So. 313; Norton v. Jones, 83 Fla. 81, text page 107, 90 So. 854; Geter v. Simmons, 57 Fla. 423, 49 So. 131.

Applying the law of the case to the evidence submitted the court is of the opinion that a decree should be entered denying the plaintiff a lien upon the property described in the deed from Whitehurst to Wade; that the lots in question are held by the defendant Wade and wife Beulah adversely to any claim of the plaintiff, and that a common-law judgment be entered against the defendant Conrad Mangels for such an amount as may be shown by the face of the notes with 8% interest from date, together with a reasonable attorneys' fee in the sum of $500, which decree will be entered.