CHARLES CARROLL, Chief Judge.
Appellee filed suit against Dade County, the board of county commissioners, the county manager, tax assessor, tax collector, the City of Miami and the state comptroller, seeking to invalidate' the 1967 tax assessment on the plaintiff’s tangible personal property, claiming overvaluation. The assessment was $1,130,040. Plaintiff alleged the value for assessment was $453,-551.
The complaint was in two counts. Count I sought relief in equity under § 196.01 Fla.Stat., F.S.A. It alleged application to the board of equalization for reduction of the amount, and the denial thereof by the board, and prayed for an injunction against assessment of the property for more than $453,551.
Count II presented a petition for certio-rari, filed under § 200.10 Fla.Stat., F.S.A., to review the ruling of the Dade County board of equalization, rendered on September 22, 1967, which refused the taxpayer’s request to reduce the assessment. Append *363 ed thereto was a copy of the record of the proceedings thereon before the board. In the complaint it was contended that the ruling of the board was without eviden-tiary support, and the plaintiff (petitioner) prayed for a writ quashing the assessment and requiring the assessment to be made “upon the basis of its fair market value in accordance with the essential requirements of law.”
The defendants moved to dismiss the complaint. The motion to dismiss was denied, and the defendants took this interlocutory appeal therefrom. We reverse as to Count I and affirm as to Count II.
Chapter 200 Fla.Stat., F.S.A. deals with tangible personal property taxation. Section 10 thereof provides that in a situation such as described above, the taxpayer may have the decision of the board of equalization reviewed by certiorari in the circuit court. Therefore, no error was committed in denying the motion to dismiss as to Count II of the complaint, the petition for certiorari. However, because of that expressly conferred remedy at law, with relation to claimed overvaluation in assessment of tangible personal property, the taxpayer was not entitled to seek relief therefor by suit in equity under § 196.01 Fla.Stat., F. S.A., and we hold, on authority of McAllister Realty Co. v. Campbell, 143 Fla. 447, 196 So. 857, that the defendants’ motion to dismiss should have been granted as to Count I.
Affirmed in part and reversed in part and remanded for further proceedings.