594 So.2d 816 (1992)
B.J.Y., Petitioner,
v.
M.A., Respondent.
No. 91-2901.
District Court of Appeal of Florida, First District.
February 14, 1992.
Robert A. Butterworth, Atty. Gen., and Stephanie A. Daniel, Asst. Atty. Gen., Tallahassee, for petitioner.
Alan Michael Foody of Noe, Eakin & Foody, Atlantic Beach, for respondent.
*817 ALLEN, Judge.
The petitioner seeks a writ of certiorari, challenging an order by which the lower court granted the respondent's request for a jury trial and declared section 742.031, Florida Statutes, to be unconstitutional insofar as the statute precludes a jury trial on the issue of paternity. We find no error or departure from the essential requirements of law with regard to this ruling, and we therefore decline to issue the writ of certiorari.
The petitioner filed a complaint seeking a determination of paternity and an award of child support, alleging that the respondent is the father of a minor child conceived and born to the petitioner out of wedlock. The respondent denied that he is the father of the child and requested a jury trial on the issue of paternity. Section 742.031 specifies that the issue of paternity shall be determined by the court, but the respondent asserted that this provision abridges the right to a jury trial as guaranteed by article I, section 22, of the Florida Constitution.
The right to a jury trial does not extend to all proceedings, as the constitutional guarantee applies only to cases in which the right was recognized in 1845 when Florida was admitted to the union and the constitution first became effective. See e.g., State v. Webb, 335 So.2d 826 (Fla. 1976). Various decisions have measured this right by reference to cases which were triable by a jury in 1845, see Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820 (Fla. 1937); Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. 722 (Fla. 1904); Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398 (Fla. 1894), or to traditional notions of common law, see Smith v. Barnett Bank of Murray Hill, 350 So.2d 358 (Fla. 1st DCA 1977), or to common law as known and practiced when the constitution became effective. See Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350 (Fla. 1926); Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (Fla. 1896). These decisions do not support the petitioner's contention that the right is constrained to the common law apart from the enactments of the Florida territorial legislature. As indicated in In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433 (Fla. 1986), in this context the reference to common law includes American statutes, and article I, section 22 of the Florida Constitution preserves the right to a jury trial as it was recognized under the territorial law of Florida. Camp Phosphate thus properly analyzed the constitutional right to a jury trial by considering the legislative enactments in existence in 1845 when the constitution became effective.
The territorial law of Florida included the Act of January 5, 1828, by which a single woman could make a bastardy complaint upon which the issue of paternity might be tried before a jury in the circuit court. If paternity were established, the father might then be required to pay birth expenses and child support. This enactment of the territorial legislature remained in effect when Florida was admitted to the Union in 1845 and the state constitution became effective. The Act was subsequently codified in chapter 742, and remained in force, with various amendments, until 1951. At that time the legislature repealed the former law and enacted several new statutes under chapter 742. These new provisions still authorized a complaint upon which a determination of paternity might be made in the circuit court, with the father required to pay birth expenses and child support. However, section 742.031, Florida Statutes (1951), specified that the court shall determine the issue of paternity, except that upon the request of either party the issue "may be tried by jury." This language relating to trial by jury was deleted when the legislature amended the statute in 1986, and section 742.031 now provides that the court shall determine the issue of paternity.
The petitioner argues that the proceeding under the territorial bastardy law was a quasi-criminal action, whereas chapter 742 now provides for a paternity determination in a purely civil action. Although some early Florida cases described the bastardy proceeding as quasi-criminal, in Edmond N.E. v. State ex rel. Lula E., *818 25 Fla. 268, 6 So. 58 (Fla. 1889), it was explained that the proceeding was quasi-criminal only in connection with the process by which the alleged father was brought before a magistrate and bound over for trial. But, as the bastardy law was designed to ensure the support of the child rather than to punish the father for a crime, Edmond indicated that when the matter came to the circuit court for trial it was maintained as a purely civil action. In this respect a proceeding under the territorial bastardy law is akin to a paternity determination pursuant to chapter 742. It is the substantive nature of the action or the justiciable controversy involved, as opposed to the procedural method by which the action may be brought, which is critical in assessing the right to a jury trial under article I, section 22. See Carter v. State Road Dept., 189 So.2d 793 (Fla. 1966); Wiggins; King Mountain Condominium Assoc. v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982); Olin's, Inc. v. Avis Rental Car System of Florida, 131 So.2d 20 (Fla. 3d DCA 1961). The right is not limited to the specific proceedings which previously existed, but rather extends to other proceedings of like nature as they arise. See In re Forfeiture of 1978 Chevrolet Van. The territorial bastardy law involves the same justiciable controversy, and is a proceeding of like nature, as that which the petitioner brought under chapter 742. We therefore agree with the lower court's conclusion that article I, section 22 of the Florida Constitution preserves the right to a jury trial in proceedings under section 742.031, Florida Statutes.
In approving the lower court's ruling we align ourselves with the Minnesota Supreme Court, which addressed a strikingly similar challenge in Smith v. Bailen, 258 N.W.2d 118 (Minn. 1977), under the constitution of that state. And we certify to our supreme court the following question of great public importance:
WHETHER SECTION 742.031, FLORIDA STATUTES, VIOLATES ARTICLE I, SECTION 22, OF THE FLORIDA CONSTITUTION BY PRECLUDING A JURY TRIAL ON THE ISSUE OF PATERNITY?
Because we find that the petitioner has failed to demonstrate any error or departure from the essential requirements of law in the present case, the petition for a writ of certiorari is denied.
WIGGINTON, J., concurs.
WOLF, J., specially concurs with opinion.
WOLF, Judge, specially concurring.
The attorney general has advanced a number of valid public policy reasons why the issue of paternity should be determined by the court rather than by means of a jury trial. I agree with the legal reasoning of the majority, however, and feel that we have no recourse but to deny the petition.