609 So.2d 670 (1992)
Joel ROBBINS
v.
SECTION 3 PROPERTY CORP., Respondent.
No. 92-1406.
District Court of Appeal of Florida, Third District.
November 24, 1992.
*671 Robert A. Ginsburg, County Atty., and Jay W. Williams, Asst. County Atty., for petitioner.
Bailey Hunt Jones & Busto and William A. Fragetta, Miami, for respondent.
Before JORGENSON, LEVY and GODERICH, JJ.
JORGENSON, Judge.
Joel Robbins, Dade County's Property Appraiser, filed an action to contest the granting of an agricultural exemption to property owned by Section 3 Property Corporation. The owner filed a demand for a jury trial, and the Property Appraiser filed a motion to strike the demand. The trial court denied the motion to strike. The Property Appraiser now seeks review. For the reasons which follow, we grant certiorari, quash the order, and remand for further proceedings.
Tax challenge cases implicate the equitable jurisdiction of the courts. Powell v. Kelly, 223 So.2d 305, 307 (Fla. 1969) (taxpayer challenging tax assessments on timberlands); City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115 (Fla. 1925) (action to enforce payment of ad valorem taxes); Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503 (Fla. 1919) (taxpayer seeking injunction to prevent tax collector from selling the property to collect taxes). Section 194.171, Florida Statutes (1991), grants original jurisdiction at law to circuit courts in all matters relating to property taxation. The prior section, § 196.01, Florida Statutes (1967), however, specifically granted jurisdiction in tax assessment cases to chancery courts. This Court has characterized actions brought under Chapter 196, Florida Statutes (1967), the predecessor to Chapter 194, Florida Statutes (1991), as actions in equity. Dade County v. McArthur Jersey Farm Dairy, Inc., 214 So.2d 362, 363 (Fla. 3d DCA 1968); Dade County Land Development Corp., v. Dade County, 157 So.2d 142, 143 (Fla. 3d DCA 1963), cert. denied, 165 So.2d 177 (Fla. 1964). See also Reid v. Lucom, 349 So.2d 661, 662 (Fla. 4th DCA 1977) (recognizing that matters brought under current Chapter 196 are cognizable in equity), cert. denied, 358 So.2d 132 (Fla.), cert. denied, 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978).
The right to a jury trial in a tax assessment challenge against an agricultural classification appears to be a question of first impression. However, it is well established that where the right or remedy is equitable in nature there is no right to a jury trial. Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350 (Fla. 1926); Hathorne v. Panama Park Co., 44 Fla. 194, 32 So. *672 812 (Fla. 1902); Hughes v. Hannah, 39 Fla. 365, 22 So. 613 (Fla. 1897); Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (Fla. 1896). Thus, actions in equity do not fall within the protection of Article I, Section 22, of the Florida Constitution (1968) guaranteeing the right to a jury trial.
We recognize that the issue of whether a tract of land is to be classified as agricultural for tax assessment purposes involves questions of fact. Conrad v. Sapp, 252 So.2d 225, 227 (Fla. 1971). This, however, does not mean that such issues may be submitted to a jury. Issues of fact traditionally within the scope of courts of equity are decided by the courts. Lincoln Tower Corp. v. Dunhall's-Florida, Inc., 61 So.2d 474 (Fla. 1952); See Greenwood v. Oates, 251 So.2d 665 (Fla. 1971) (court was trier of facts in case involving an agricultural classification).
The remedy sought in this tax challenge case is in the nature of an injunction and a declaratory judgment seeking the reinstatement of the Property Appraiser's original assessment. The remedy is equitable in nature; therefore, the right to a jury trial does not apply. Hawkins, 92 Fla. at 788, 110 So. at 351; Hathorne, 44 Fla. at 196, 32 So. at 813; Hughes, 39 Fla. at 371, 22 So. at 615; Wiggins, 36 Fla. at 656, 18 So. at 865. Because this case presents a question of great public importance, we certify the following question to the supreme court:
Is there a right to a jury trial under Article I, Section 22 of the Florida Constitution (1968), in a tax action to challenge a Property Appraiser's grant of an agricultural exemption?
We grant the petition for a writ of certiorari, quash the order under review, and remand for further proceedings.