McDONALD, Justice.
We accepted jurisdiction of Robbins v. Section 3 Property Corp., 609 So.2d 670, 672 (Fla. 3d DCA 1992), because the district court of appeal certified the following question as being of great public importance:
Is there a right to a jury trial under Article I, Section 22 of the Florida Constitution (1968), in a tax action to challenge a Property Appraiser’s grant of an agricultural exemption?
Article V, section 3(b)(4), Florida Constitution, affords us jurisdiction. We answer the question in the negative and approve the decision under review.
Traditionally, controversies surrounding the taxation of real property have sounded in equity, not law. Powell v. Kelly, 223 So.2d 305 (Fla.1969); Day v. City of St. Augustine, 104 Fla. 261, 139 So. 880 (1932); City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115 (1925). When Powell, Palmer, and Day were decided, the statutes declared tax protests to be in equity, while the present statute makes no specific reference to equity. § 194.171, Fla.Stat. (1991). Even so, had there ever been a constitutional right to trial by jury, the statutory language would have yielded. The determination of whether land is agricultural in nature and thus eligible for a lower tax base, even though requiring a factual determination, is akin to determining interests in land and invokes the equitable jurisdiction of the court. Thus, these cases are still persuasive for the proposition that no constitutional right to a jury trial in this type of action exists.
Clearly the legislature has not afforded a jury trial in a tax assessment challenge. Had it intended to grant such a right, it could have done so with clear and unambiguous language. The mere fact that section *597 194.171 proclaims that the circuit courts have original jurisdiction at law of all matters relating to taxes does not evidence the legislature’s intent to mandate jury trials 'in ad valorem tax assessment cases. The entire statutory tax procedures dictate otherwise.
We approve the district court’s conclusion that there is no right to a jury trial in the determination of whether a property should be taxed as agricultural land.
It is so ordered.
OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.