783 So.2d 307 (2001)
HANSARD CONSTRUCTION CORPORATION, a Florida corporation, and Jeffrey A. Burley, Appellants/Cross-Appellees,
v.
RITE AID OF FLORIDA, INC., a Florida corporation, Rite Aid of N.C., Inc., a foreign corporation, Rite Aid Corporation, a foreign corporation, and Barry A. Hansard, Appellees/Cross-Appellants.
No. 4D99-3228.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Rehearing Denied May 5, 2001.
*308 Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellants/cross-appellees.
Randall L. Leshin of the Law Offices of Randall L. Leshin, Pompano Beach, for appellees/cross-appellants.
STEVENSON, J.
In this appeal and cross-appeal of a final judgment following a jury trial in a civil action involving a multi-count complaint, a counter-claim and a crossclaim, we affirm and write only to briefly discuss the propriety of the trial court's submission of count III of the counterclaim, a statutory fraudulent transfer action, to the jury.
Questions regarding the right to a jury trial should be resolved in favor of a jury trial, if possible. See King Mountain Condo. Ass'n v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982). The Florida test for determining the right to a jury trial has been stated to be "whether the party seeking a jury trial is trying to invoke rights and remedies of the sort traditionally enforceable in an action at law." Id. at 571.
[I]t is well established that where the right or remedy is equitable in nature there is no right to a jury trial. Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350 (Fla.1926); Hathorne v. Panama Park Co., 44 Fla. 194, 32 So. 812 (Fla.1902); Hughes v. Hannah, 39 Fla. 365, 22 So. 613 (Fla.1897); Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (Fla. 1896). Thus, actions in equity do not fall within the protection of Article I, Section 22, of the Florida Constitution (1968) guaranteeing the right to a jury trial.
Robbins v. Section 3 Prop. Corp., 609 So.2d 670, 671-72 (Fla. 3d DCA 1992), approved, 632 So.2d 596 (Fla.1993).
Appellants argue that the trial court erred in submitting count III of the counterclaim to the jury since appellees sought only equitable, statutory remedies under the Uniform Fraudulent Transfer Act, chapter 726, Florida Statutes (1999). Contrary to appellees' claim, the record discloses that, in the complaint, appellants sought "any relief available" and, at trial, asked for monetary damages in regard to this claim. Section 726.108(1)(c)(3) provides that a movant may, in addition to the remedies specifically enumerated, be entitled to "[a]ny other relief the circumstances may require." Despite the fact that the other remedies set forth in the Act are equitable in nature, we find this catchall provision sufficiently broad to encompass the monetary judgment sought by appellants. Section 726.112 provides that Florida's Uniform Fraudulent Transfer Act "shall be applied and construed to effectuate its general purpose to make uniform *309 the law with respect to the subject of the law among states enacting it." At least one other jurisdiction which has considered the issue head-on concluded, as we have, that a plaintiff may recover money damages against the transferor under the so-called catchall provision, section 726.108(1)(c)(3), of the Uniform Fraudulent Transfer Act. See Profeta v. Lombardo, 75 Ohio App.3d 621, 600 N.E.2d 360 (1991).[1] As such, we find that appellants sought a traditional legal remedy under section 726.108 and were entitled to a jury trial.[2] Accordingly, the trial court did not err in submitting this claim to the jury. We distinguish this case from 381651 Alberta, Ltd. v. 279298 Alberta, Ltd., 675 So.2d 1385 (Fla. 4th DCA 1996), where this court decided that a debtor was not entitled to a jury trial under section 726.108 because, there, the movants sought to set aside a conveyance of land, traditionally an equitable remedy.
We have considered the other issues raised on appeal and cross-appeal and find no error.
AFFIRMED.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] The State of Maine also allows for money damages to be awarded against the transferor in an action under its Uniform Fraudulent Transfer Act. However, the UFTA, as enacted in Maine, contains a specific provision stating that the creditor may obtain "[d]amages in an amount not to exceed double the value of the property transferred or concealed." 14 M.S.R.A. § 3578(1)(C)(3); see also Handy Boat Serv., Inc. v. Prof'l Servs., Inc., 711 A.2d 1306, 1309-10 (Me.1998).
[2] Historically, actions to recover fraudulent conveyances were conducted before a jury if money or chattel were involved. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 44, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). For an excellent historical perspective on the convergence, and sometimes confusion, of law and equity principles in Florida's courts, see Hutchens v. Maxicenters, U.S.A., 541 So.2d 618, 619-24 (Fla. 5th DCA 1988)(on motion for rehearing en banc)(Cowart, J., dissenting).