751 So.2d 1263 (2000)
INVO FLORIDA, INC., Appellant,
v.
SOMERSET VENTURER, INC., et al., Appellees.
No. 3D98-3174.
District Court of Appeal of Florida, Third District.
March 15, 2000.
Hoffman & Hertzig and Carl H. Hoffman, Jr. and H.K. Skip Pita, Coral Gables, for appellant.
Goldstein & Tanen, Miami; Yelen & Yelen and Jan A. Yelen, Coral Gables, for appellees.
Before SCHWARTZ, C.J., SORONDO, J., and NESBITT, Senior Judge.
PER CURIAM.
Invo Florida, Inc. (Invo) appeals the trial court's Final Summary Judgment and Order Granting Motion For Partial Summary Judgment entered upon the trial judge's conclusion that Counts II, III, IV and V of Invo's amended complaint were barred by the economic loss rule. We disagree and reverse.
Invo's cause of action arises from the alleged violation of an agreement settling a 1980 lawsuit between Invo and Somerset Venturer, Inc. (Somerset). Invo claims that an agreement it entered into with Somerset in 1989 was subsequently breached in several ways, mainly by the alleged failure of Somerset to give Invo a right of first refusal with respect to the sale of the asset of the business venture known as "Somerset Venturer, Inc.," and by failing to give Invo a share of the *1264 profits allegedly realized from the disposition of that asset. At the time the agreement was executed, the Somerset assets consisted of a promissory note and mortgage on real property located in Broward County. Somerset subsequently obtained a judgment on that note and foreclosed on the property. It then maintained the property for some years at a loss, until both the mortgage on the Broward property held by Capital Bank and the tax obligations on the property fell into default.
At that time, Somerset sold the Broward property to Somerset P & Q (P & Q), a partnership comprised of entities created by Carol Cohen Landa and Leo Landau the wife and cousin, respectively, of a principal of Somerset, William Landa (Landa)which accepted Somerset's obligations to Capital Bank, brought the loan current and paid off the outstanding taxes. Somerset, P & Q, Landau and Carol Cohen Landa contend that neither Somerset nor its principals received any money in this transaction, the consideration going entirely to pay Capital Bank and the tax debt on the property.
There is a dispute between the parties regarding whether or not Invo was given the right of first refusal with respect to this sale. Somerset asserts it did send Invo notice, and Invo denies this. Once the sale occurred, there were no remaining assets of Somerset, and the corporation was ultimately administratively dissolved.
Invo's Third Amended Complaint raised claims against Somerset, William Landa and Michael Ambrosio, individually and as trustees of the assets of Somerset, C & L Somerset Lakes, Inc., and L & L on Oakland Park Blvd., individually and as partners d/b/a Somerset P & Q, the transferee, Carole Cohen Landa and Leo Landau. In Count I for breach of contract, Invo alleged that Somerset, Landa and Ambrosio breached the Agreement with Invo by not providing Invo with annual financial statements throughout the term of the agreement, not granting Invo the right of first refusal with respect to the sale, not giving Invo the opportunity to assume Somerset's rights and obligations after the only asset was sold and the corporation was allowed to dissolve, and not distributing a share of the alleged profits to Invo upon the sale.
Together with this breach of contract claim, Invo, asserting it is a creditor of Somerset by virtue of the breach of the agreement, also raised claims under Chapter 726, Florida Statutes (1991), Florida's Uniform Fraudulent Transfer Act (UFTA). Invo alleged in Count II, fraudulent transfer as to present creditors (§ 726.106(1), Florida Statutes), against Somerset, Landa, Ambrosio, individually and as trustees of the assets of Somerset, C & L Somerset Lakes, Inc., L & L on Oakland Park Blvd., Inc., Carole Cohen Landa; and Leo Landau; in Count III, fraudulent transfer between insiders (§ 726.106(2), Florida Statutes), against Somerset, Landa, Ambrosio, individually and as trustees of the assets of Somerset, C & L Somerset Lakes, Inc., L & L on Oakland Park Blvd., Inc., Carole Cohen Landa and Leo Landau; and in Count IV, fraudulent transfer as to present and future creditors (§ 726.105, Florida Statutes), against Somerset, Landa, Ambrosio, individually and as trustees of the assets of Somerset; C & L Somerset Lakes, L & L on Oakland Park Blvd., Inc., Carole Cohen Landa and Leo Landau, asserting that Landa and Ambrosio on behalf of Somerset, transferred the property to P & Q for no value with actual intent to hinder, delay or defraud Invo and thereby escape the obligations owed by Somerset to Invo under the agreement.
In Count V, Invo alleged breach of fiduciary duty by Somerset, Landa and Ambrosio, individually and as trustees of the assets of Somerset, by virtue of the sale to P & Q, asserting that a fiduciary duty was owed to Invo because it was a creditor as a result of Somerset's breach of the agreement. Count VI alleged conspiracy to effect a fraudulent transfer against Somerset, Landa and Ambrosio, individually and as trustees of the assets of Somerset, C & *1265 L Somerset Lakes, Inc., L & L on Oakland Park Blvd., Inc., Carole Cohen Landa and Leo Landau, and Count VII was a demand for an accounting against all defendants.
The defendants moved to dismiss the Third Amended Complaint on numerous grounds, including as to Counts II-VI that those claims were barred by the economic loss rule. That motion was denied without prejudice. Following this court's decision in Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 711 So.2d 1255 (Fla. 3d DCA 1998), rev'd, 753 So.2d 1219 (Fla. 1999), the defendants moved for partial summary judgment as to Counts II-VI, claiming the same thing they did in their motion to dismiss, namely that the economic loss rule barred Counts II-VI. They did not challenge the facts. The trial court granted that motion stating, "Each of said Counts are for economic damages that flow directly from the breach of contract claim alleged in Count I; therefore, said Counts are barred by the economic loss rule." Final Summary Judgment was entered as to those counts. Invo appeals.
The defendants moved to dismiss the appeal on the basis that the counts of the Third Amended Complaint on which summary judgment was entered arose out of and depended upon the same set of common facts and dealt with the same issue as the claims that remained pending (the breach of contract and request for an accounting claims). After this Court denied the defendants' motions to dismiss the appeal with instructions to the trial court, the trial court entered new orders on the motions for summary judgment.
The first order entitled "Final Summary Judgment" disposed of the action as to Carole Cohen Landa, Leo Landau, C & L Somerset Lakes, L & L Oakland Park Boulevard, and Somerset P & Q. The second order entitled "Order Granting Motion For Partial Summary Judgment" disposed of all fraud counts against Somerset, Landa, and Ambrosio.
On appeal, Invo claims that the trial court erred in holding that the economic loss rule abolished Invo's rights under the UFTA. We agree.
We begin our analysis by noting that there was no summary judgment hearing transcript provided for review because the trial court took the matter under advisement without oral argument, thus limiting its ruling to the four corners of Invo's amended complaint. As stated before, the defendants did not challenge the facts below, but simply argued that the economic loss rule barred the counts in question. Thus, the issue presented in this case is an issue of law and review is de novo. See Menendez v. Palms West Condominium Ass'n, Inc., 736 So.2d 58 (Fla. 1st DCA 1999). Furthermore, we accept the facts alleged in Invo's Amended Complaint as true. See Tri-City Used Cars, Inc. v. Grim, 566 So.2d 922 (Fla. 1st DCA 1990) (citing Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975)).
First, Invo claims that the fraudulent transfer is an independent tort because it involves different elements, different remedies, and a different set of acts from those which breached the contract. We agree with Invo that the defendants' fraudulent transfer is independent of Somerset's contractual breach for a number of reasons.
An independent tort requires proof of facts that are distinct from breach of contract. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996). Under the facts of this case, for Invo to prove breach of contract, it must prove that Somerset and its directors, Landa and Ambrosio, failed to honor Invo's contractual rights under the agreement. To prove the fraudulent transfers alleged in Counts II, III and IV under the UFTA, Invo would have to prove a different set of facts.
For example, as Invo illustrates in their Initial Brief, in Count II of the Amended Complaint, Invo must prove all the elements *1266 for defrauding a present creditor under section 726.106(1), Florida Statutes. Invo can do this by proving that Somerset transferred the property in question without Invo receiving a reasonably equivalent value in exchange for the transfer and that Somerset was insolvent or became so after the transfer. See § 726.106(1), Fla. Stat. (1991). These elements are different than the ones required for Invo to prove a breach of contract action and are plainly independent of the contract; thus, they are not barred by the economic loss rule.[1]See Pershing Indus., Inc., v. Estate of Sanz, 740 So.2d 1246 (Fla. 3d DCA 1999)(holding that the economic loss rule does not preclude independent tort claims that fall outside the scope of a breach of contract).
Lending further support to Invo's position that the economic loss rule does not bar the fraudulent transfer counts, we observe that the fraudulent transfer arose from a different set of acts than those which breached the contract. Invo alleges in its Amended Complaint that the breach of contract occurred because Somerset and its directors failed to honor their contractual obligations by not providing Somerset with annual financial statements throughout the term of the agreement, not granting Invo the right of first refusal with respect to the sale, not giving Invo the opportunity to assume Somerset's rights and obligations after the only asset was sold and the corporation allowed to dissolve and not distributing a share of the alleged profits to Invo upon the sale.
The fraudulent transfer counts, on the other hand, are based upon the defendants' scheme to transfer the property to Carol Cohen Landa and Leo Landau so that Invo would not be able to reach the property, thus making Invo's breach of contract claim against the defendants worthless. These acts are separate and apart from the breach of contract acts and, in fact, occurred after the acts which breached the contract. Thus, the fraudulent transfer is independent.
In addition, Carol Cohen Landa and Leo Landau were not parties to the original contract. Their partnership, P & Q, was not formed until the day of the transfer, three years after the contract was entered into. Thus, as Invo claims, it was never in a position to negotiate against their fraud. The economic loss rule is therefore inapplicable to them. See Pearson v. Ford Motor Co., 694 So.2d 61, 69 (Fla. 1st DCA 1997)(economic loss rule does not bar claims where there is no contract between the parties).
With respect to Count V against Landa and Ambrosio for breach of fiduciary duty, we hold that the economic loss rule has not abolished the cause of action for breach of fiduciary duty, even if there is an underlying contract. We believe that the Florida Supreme Court's decision in Moransais v. Heathman, 744 So.2d 973 (Fla.1999), governs here.
In Moransais, the Florida Supreme Court stated:
Today, we again emphasize that by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action.... Rather, the rule was primarily intended to limit actions in the product liability context, and its application should generally be limited to those contexts or situations where the policy considerations are substantially identical to those underlying the product liability-type analysis. We hesitate to speculate further on situations not actually before us. The rule, in any *1267 case, should not be invoked to bar wellestablished causes of actions in tort....
Id. at 983 (footnote omitted).
Breach of fiduciary duty is one of those well-established torts. It is clear that the law imposes fiduciary duties on directors of dissolved corporations, such that they "are bound to exercise diligence and good faith in dealing with the properties of the corporation, to the end that the creditors' interests may be protected." Beach v. Williamson, 78 Fla. 611, 620, 83 So. 860, 863 (1919) (citations omitted); see also Gould v. Brick, 358 F.2d 437, 439 (5th Cir.1966); Kyle v. Stewart, 360 F.2d 753, 758 (5th Cir.1966). Thus, we believe that Moransais makes it clear that the economic loss rule has not abolished the cause of action for breach of fiduciary duty, even if there is an underlying oral or written contract.
Invo further contends that the remedies under the UFTA are more expansive than those available for a simple breach of contract action. In Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524, 528 (Fla. 1st DCA 1997), the First District Court of Appeal, in holding that plaintiffs' claim under the Florida Unfair and Deceptive Trade Practices Act was not barred by the economic loss rule, noted that the remedies available for a violation of the statute were not the same as those available in a contract action. See Sarkis, 697 So.2d at 528. As previously discussed, Invo's remedies under the UFTA are different than its remedies for breach of contract. For example, UFTA provides Invo with the remedy to have the transfer set aside. See § 726.108, Fla. Stat. (1991). UFTA also grants the court equity powers to remedy the fraud. These remedies are not available to Invo in its breach of contract action.
Invo next argues that an action under UFTA is never barred by the economic loss rule because statutes that are a manifestation of a legislative policy to expand remedies are never barred by the economic loss rule. In Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 753 So.2d 1219 (Fla.1999), when reviewing a statutory cause of action under the Southern Building Code, section 553.84, Florida Statutes (1995), the Florida Supreme Court held that the economic loss rule cannot be used to eliminate a statutory cause of action. Quoting from Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602, 609 (Fla. 2d DCA 1997), the court stated:
[C]ourts do not have the right to limit and, in essence, to abrogate, as the trial court did in this case, the expanded remedies granted to consumers under this legislatively created scheme by allowing the judicially favored economic loss rule to override a legislative policy pronouncement and to eliminate the enforcement of those remedies.
Comptech, 753 So.2d at 1222 (citations omitted). In fact, the UFTA states that all common law remedies are supposed to supplement the UFTA's application:
726.111 Supplementary provisions
Unless displaced by the provisions of ss. 726.101-726.112, the principles of law and equity, including the law merchant the law relating to principal and agent, estoppel, laches, fraud, misrepresentation duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement those provisions.
§ 726.111, Fla. Stat. (1991)(emphasis added). See also Rubio v. State Farm Fire & Cas. Co., 662 So.2d 956, 957 n. 2 (Fla. 3d DCA 1995)(economic loss rule cannot abrogate substantive, statutory rights).[2]
In sum, we conclude that the trial court incorrectly granted summary judgment on *1268 counts II-VI of Invo's Amended Complaint. Reversed and remanded for further proceedings.
NOTES
[1] Likewise, for Invo to prove fraudulent transfer between insiders in Count III and fraudulent transfer as to present or future creditors in Count IV, it needs to prove a different set of elements than those required for breach of contract. See §§ 726.106(2) and 726.105, Fla. Stat. (1991). The elements required for conspiracy to effect fraudulent transfer in Count VI are also different from the breach of contract elements.
[2] For an excellent discussion regarding whether the economic loss rule abrogates statutory causes of action, see Judge Cope's dissent in Comptech, 711 So.2d at 1266 (Fla. 3d DCA 1998), rev'd, 753 So.2d 1219 (Fla. 1999).