In the Matter of: **IVDS INTERACTIVE ACQUISITION PARTNERS, Debtor.**

Richard K. Diamond, as Chapter 7 Trustee, Plaintiff–Appellee,

v.

Digital Interactive Associates, Inc.; Market Dynamics Group, Inc.; Market Logistics Group, Inc.; Terry K. Vickery; Douglas Ethan Mallach; David J. Dambro, Defendants.

and

Michael Dambro, Defendant–Appellant.

In re: **IVDS Interactive Acquisition Partners, Debtor.**

Richard K. Diamond, as Chapter 7 Trustee, Plaintiff–Appellee,

v.

Digital Interactive Associates, Inc.; Market Dynamics Group, Inc.; Market Logistics Group, Inc.; Terry K. Vickery; Douglas Ethan Mallach; Michael Dambro, Defendants,

and

David J. Dambro, Defendant–Appellant.

Nos. 07–55904, 07–55905.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2008.*

Filed Dec. 1, 2008.

Howard Kollitz, Danning Gill Diamond & Kollitz, Los Angeles, CA, for Plaintiff–Appellee.

Robert T. McAllister, Esq., McAllister & Murphy, PC, Pamela Robillard Mackey,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., Haddon, Morgan & Foreman, P.C., Denver, CO, for Defendants.

Michael Dambro, Oviedo, FL, pro se.

David J. Dambro, Vero Beach, FL, pro se.

Before RYMER and M. SMITH, Circuit Judges, and KORMAN,** District Judge.

MEMORANDUM ***

Defendants–Appellants Michael and David Dambro (the Dambros) appeal the district court's judgment, which held them jointly and severally liable for $3,600,000, and individually liable for punitive damages because of their participation in a conspiracy to commit a fraudulent transfer. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. We have jurisdiction to hear this appeal under 28 U.S.C. § 158(d).

### I. Failure to Preserve Challenge to the Sufficiency of the Evidence

■ A party in a civil case must make motions under Fed.R.Civ.P. 50(a) and (b) in order to preserve a challenge to the sufficiency of the evidence in a jury trial. *Nitco Holding Corp. v. Boujikian,* 491 F.3d 1086, 1089 (9th Cir.2007). The Dambros failed to do so in this case, and therefore waived the argument that they should not be liable because they were not individually transferees.

### II. The Remedy of Damages for Fraudulent Transfer

Damages are a permissible remedy for fraudulent transfer under federal and Florida law. 11 U.S.C. § 550(a); Fla. Stat. Ann. § 726.108(1)(c)(3); *Hansard Constr. Corp. v. Rite Aid of Fla. Inc.,* 783 So.2d 307, 309 (Fla.Dist.Ct.App.2001).

### III. Applicability of Joint and Several Liability for Conspiracy to Make Fraudulent Transfers.

■ Joint and several liability is appropriate under Florida law against joint tortfeasors acting in concert or through independent acts to produce a single injury. *Acadia Partners, L.P. v. Tompkins,* 759 So.2d 732, 736 (Fla.Dist.Ct.App.2000). Performing a fraudulent transfer is a tort. *Invo Florida, Inc. v. Somerset Venturer, Inc.,* 751 So.2d 1263, 1265 (Fla.Dist.Ct. App.2000). Because the jury found that the Dambros worked in concert with the other defendants to perform a fraudulent transfer, joint and several liability is an appropriate remedy against them.

### IV. Award for Punitive Damages

■ Issues brought for the first time on appeal are generally not considered by an appellate court. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). The Dambros' failure to object to the jury instructions prevents consideration on appeal of their argument that punitive damages are not available for a fraudulent transfer. *Larez v. Los Angeles,* 946 F.2d 630, 639, 648 (9th Cir.1991); *Hammer v. Gross,* 932 F.2d 842, 847 (9th Cir.1991) (en banc).

■ The Dambros also failed to raise due process concerns at the district court

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

level. Even if we were to consider these concerns, however, the Dambros were not prejudiced by the district court's failure to make a written record of its reasons for accepting the punitive award per *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993). Failure to review a punitive award constitutes harmless error if "the jury's verdict is more probably than not untainted by the error." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 974 (9th Cir.1994). The award of punitive damages was not grossly excessive in light of the conduct involved, and the jury's verdict was more probably than not untainted by the alleged error.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.