RAMIREZ, J.
 

 Thomas Halloek appeals various trial court orders which dismissed a count for breach of contract and granted summary judgment on the count for breach of fiduciary duty.
 
 [1]
 
 We affirm the summary judgment, but reverse the dismissal of the breach of contract count.
 

 I. Facts
 

 The facts of this case were set out in our prior opinion in
 
 Hallock v. Holiday Isle
 
 
 *19
 

 Resort & Marina, Inc.,
 
 885 So.2d 459 (Fla. 3d DCA 2004)
 
 {Hallock
 
 I):
 

 In 1984, Holiday Isle Resort
 
 &
 
 Marina, Inc., one of the defendants in the trial court, entered into a “Joint Venture Agreement” with another defendant, Rip Tosun, to own and operate a restaurant called Rip’s-A Place For Ribs, located at Holiday Isle Resort & Marina, Windley Key, Islamorada, Florida. Under the 1984 joint venture agreement, Tosun was to operate the restaurant as a partnership, each party owning fifty percent interest. The agreement would expire in five years. The joint venture agreement provided that “Tosun may not assign or alienate his interest in the Venture, and in the event of death of Tosun, the Venture shall terminate.”
 

 The joint venture was later extended and modified by an undated “Extension of Modification of Joint Venture Agreement,” which limited the extension periods to one-year, effective March 1, 1996. During the time period that Rip’s was in business, it was managed and operated by Tosun. During this time, Holiday Isle owned and operated at least four other restaurants and five other bars and various food kiosks, all located on the Holiday Isle Resort property.
 

 In 1997, Tosun entered into a Contract for Sale and Purchase whereby Tosun sold fifty percent of his half interest in Rip’s to Thomas Hallock, the plaintiff in the trial court. That sale provided that in return for payments totaling $125,000, Hallock would receive fifty-percent of Tosun’s interest in Rip’s, as well as continue to receive his present salary. This purchase agreement granted Hallock the option to purchase To-sun’s remaining interest in Rip’s, subject to Holiday Isle’s consent. Hallock admits that while he asked for Holiday Isle’s consent to purchase Tosun’s remaining interest in Rip’s, Holiday Isle never responded to his request for Holiday Isle’s consent.
 

 In March of 1999, Tosun informed Hallock that Tosun was going to open and manage the Olde Florida Steakhouse on the Howard Johnson’s property, which was adjacent to Rip’s. Tosun told Hallock that he and Holiday Isle were opening the Olde Florida Steakhouse to protect Rip’s because if the Howard Johnson’s property was leased to a chain restaurant business, it would be detrimental for Rip’s and the other restaurants in the resort.
 

 Holiday Isle also ordered that the breakfast shift cease at Rip’s and a breakfast shift was started at the Steakhouse. In addition, the breakfast cook was moved from Rip’s and the head waitress was also moved. Other employees and equipment were also shifted to the Steakhouse.
 

 Hallock objected to the partners about the cessation of the breakfast shift and Holiday Isle’s lack of response to his request for consent to his purchase. Hallock alleged that personnel and equipment were diverted from Rip’s to the Steakhouse to increase profits of the Steakhouse, to the detriment of Rip’s. Holiday Isle responded by threatening to terminate the agreement. On March 1, 2000, Holiday Isle terminated the joint venture agreement.
 

 Hallock sued Holiday Isle, Tosun and Joe Roth, Jr., alleging claims for tor-tious interference, fraud, breach of contract, libel and slander. After several motions to dismiss, amended complaints and motions for summary judgment, the trial court disposed of all counts except Halloek’s breach of contract and breach of fiduciary duty against Tosun.
 

 In
 
 Hallock I,
 
 this Court remanded the claim for breach of fiduciary duty as to
 
 *20
 
 Holiday Isle, dismissed the appeal as premature as to Tosun, and affirmed as to all other matters appealed.
 

 I. Breach of Contract
 

 The initial complaint contained a count for breach of contract against Holiday Isle, but Hallock dropped this claim when he filed his first amended complaint based on the fact that Holiday Isle persistently had maintained, under oath, that it had no contractual relationship with Hal-lock. On February 7, 2006, six years into the litigation, Holiday Isle mysteriously unearthed a contract to bolster its argument that Hallock’s breach of fiduciary duty was barred by the economic loss rule. Shortly following the exhumation of this contract, Hallock filed a motion to amend the complaint to add a count for breach of contract. The trial court granted the motion to amend, but then granted Holiday Isle’s motion to dismiss with prejudice based on the statute of limitations.
 

 The trial court committed legal error in dismissing this count because the allegations in the complaint related back to the original complaint. In
 
 Palafrugell Holdings, Inc. v. Cassel,
 
 825 So.2d 937, 940 (Fla. 3d DCA 2001), we reversed the dismissal of a complaint based on the statute of limitations under similar circumstances, citing Florida Rule of Civil Procedure 1.190(c), which states, “[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” Because the original complaint filed on June 15, 2000 contained a count for breach of contract against Holiday Isle, the Third Amended Complaint filed on January 30, 2007 related back to the original complaint.
 

 II. Breach of Fiduciary Duty
 

 After remand, Holiday Isle re-filed its motion for summary judgment with the trial court based on the economic loss rule. The trial court granted the motion stating that the “breach of fiduciary duty is not separate and distinct from the essence of the parties’ Joint Venture Agreement,” citing
 
 Clayton v. State Farm Mutual Automobile Insurance Company,
 
 729 So.2d 1012, 1014 (Fla. 3d DCA 1999), which states that “where the alleged fraudulent misrepresentation is inseparable from the essence of the parties’ agreement, the economic loss rule still applies,” and
 
 Pearson v. Ford Motor Co.,
 
 694 So.2d 61, 69 (Fla. 1st DCA 1997), which holds that the economic loss rule did not preclude a count for breach of good faith because it was not solely based on breach of contract.
 

 Hallock cites our decision in
 
 Invo Florida, Inc. v. Somerset Venturer, Inc.,
 
 751 So.2d 1263, 1266-67 (Fla. 3d DCA 2000), which quoted from
 
 Moransais v. Heathman,
 
 744 So.2d 973 (Fla.1999), stating that the economic loss rule “should not be invoked to bar well-established causes of actions in tort.” We then stated that “[bjreach of fiduciary duty is one of those well-established torts.”
 
 Invo Florida,
 
 751 So.2d at 1267. We concluded “that
 
 Mor-ansais
 
 makes it clear that the economic loss rule has not abolished the cause of action for breach of fiduciary duty, even if there is an underlying oral or written contract.”
 
 Id.
 

 As we stated in
 
 Hallock I,
 
 “[a] joint adventurer such as Holiday Isle owes a fiduciary duty to the other partners not to open a competing restaurant and not to divert assets of the joint venture to that competing restaurant.” 885 So.2d at 462. The joint venture agreement provides that Tosun and Hallock “must not engage in any activity or services which in the sole opinion of Holiday Isle ... shall be com
 
 *21
 
 petitive and/or detrimental to the operation of ‘Rip’s.’ ” The agreement, however, does not prevent Holiday Isle from competing. The implication is that Holiday Isle may compete. If the complained-of competition is allowed under the contract, it cannot form the basis for a breach of fiduciary duty claim.
 

 We further stated in
 
 Hallock I
 
 “that there is a genuine issue of material fact as to whether Holiday Isle breached its fiduciary duty to Hallock in opening a competing restaurant next door to Rip’s, the Steakhouse, and in diverting assets and employees from the partnership to the Steakhouse.”
 
 Id.
 
 at 463. The joint venture agreement expressly grants Tosun authority over the employees, where it states that “[a]ll personnel employed by the Venture shall be employees of Holiday Isle.” As the manager, Tosun was given the duty and authority to hire, place and supervise all employees. Likewise, Tosun had “full authority as to the conduct of the business.” This language is broad enough to encompass the moving of equipment and supplies. If Tosun cannot breach the agreement by moving equipment and reassigning employees, this conduct also cannot form the basis for a breach of fiduciary duty claim.
 

 III. Conclusion
 

 We conclude that the trial court correctly granted summary judgment on the breach of fiduciary duty count. We therefore affirm the order granting summary judgment with respect to the breach of fiduciary duty count, but reverse the dismissal of the breach of contract count.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 [1]
 

 . The orders were: Order on Defendants, Holiday Isle Resort & Marina, Inc.’s and Rip Tosun’s Motions to Dismiss Plaintiffs Third Amended Complaint on June 8, 2007; the Order Denying Motion for Rehearing or Reconsideration on June 14, 2007; the Order Granting Defendant, Holiday Isle Resort & Marina, Inc.’s Motion for Summary Final Judgment Joined by Rip Tosun, on January 2, 2008; and the Order Denying Motion for Reconsideration on January 24, 2008.