[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2003
THOMAS K. KAHN
CLERK

————————————————

No. 02-11559

————————————————

D. C. Docket No. 00-02013-CV-UUB

LEWIS B. FREEMAN,
as Receiver of Unique Gems Int'l Corp.,
LUCY MARTINEZ,
individually and on behalf of all other similarly
situated,

Plaintiffs-Appellants,

versus

FIRST UNION NATIONAL, a National Banking
Association f.k.a. First Union National Bank of Florida, N.A.,

Defendant-Appellee,

HECTOR PONTE, an individual,

Defendant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(May 7, 2003)**

Before BARKETT and KRAVITCH, Circuit Judges, and FULLAM[*], District Judge.

PER CURIAM:

Lewis B. Freeman, court-appointed receiver for Unique Gems International Corp. ("Unique Gems"), and Lucy Martinez, class representative of Unique Gems' creditors ("the Creditor Plaintiffs"), appeal the district court's dismissal of their claims against First Union National Bank ("First Union") for its alleged participation in a fraudulent Ponzi scheme perpetrated by the principals of Unique Gems. The district court dismissed, with prejudice, Freeman and the Creditor Plaintiffs' jointly-filed aiding and abetting a fraudulent transfer claim for failure to state a cause of action under Florida law. The court similarly dismissed Freeman's individually asserted negligence claim for lack of standing. On appeal, Freeman and the Creditor Plaintiffs argue (1) that the Florida courts would recognize their aiding and abetting claim as a valid cause of action and (2) that the district court should have granted their motion to amend the complaint to cure any standing deficiencies concerning the negligence count. Because we are unsure of whether Florida law contemplates a cause of action for aiding and abetting a fraudulent transfer, we certify the question to the Florida Supreme Court. In addition, we

---

[*] Honorable John Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

reverse the district court's denial of the Creditor Plaintiffs' motion to amend because their proposed modification would cure the standing deficiency.

## I.  AIDING AND ABETTING A FRAUDULENT TRANSFER UNDER FLORIDA STATE LAW

The jointly-filed aiding and abetting claim is problematic because the lower Florida courts have not expressly approved such a cause of action[1] and the Florida Supreme Court has not yet examined this question.  We decide novel questions of state law "the way it appears the state's highest court would."  Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001).  "Where the state's highest court has not spoken to an issue, a federal court 'must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'"  Id. (quoting Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991)).  A lack of explicit Florida case law on an issue does not absolve us of our duty "to decide what the state courts would hold if faced with it."  Arceneaux v.

---

[1] The issue is currently pending before the Florida Second District Court of Appeals in Freeman v. Dean Witter Reynolds, Inc., Case No. 2D01-4195, 4202.

3

Texaco, Inc., 623 F.2d 924, 926 (5th Cir. 1980)[2] (citations omitted). "The issue is

not resolved merely by a determination that it has not yet arisen." Id. But under

Florida law, we may certify a question on the law of the state if the case turns upon

it and there are no clear controlling Florida Supreme Court precedents. See Fla.

Const. art. V, § 3(b)(6); Fla. Stat. § 25.031 (2002).

The district court concluded that the Florida Supreme Court would not

recognize a cause of action for aiding and abetting fraudulent transfers, noting a

dearth of case law supporting such a claim. It noted that Florida's Uniform

Fraudulent Transfer Act ("FUFTA"), Fla. Stat. §§ 726.101 et seq. (2002),

provisions defining fraudulent transfers[3] are similar to 11 U.S.C. § 548 of the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[3] The relevant portions of FUFTA provide that:
> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor;

Fla. Stat. §726.105 (2002);
> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
> (2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Fla. Stat. § 726.106 (2002).

4

Bankruptcy Code. See In re Venice-Oxford Assocs., 236 B.R. 820, 834 (Bankr.

M.D. Fla. 1999). Based on this similarity, the district court surmised that FUFTA,

like the fraudulent transfer provision of the Bankruptcy Code, is not a source of

liability; rather, it only allows creditors to set aside fraudulent transfers made to

transferees under a theory of cancellation. This interpretation has received some

support from Florida's Fourth District Court of Appeals, which has explained that:

> [a] fraudulent conveyance action is simply another creditors' remedy. It is either an action by a creditor against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset.

Yusem v. South Florida Water Mgmt. Dist., 770 So. 2d 746, 749 (Fla. Dist. Ct.

App. 4th Dist. 2000) (reversing judgment under a FUFTA action against a debtor

for his failure to pay a prior judgment amount).

However, despite the similarities noted by the district court, FUFTA differs

from the bankruptcy model in several important respects. While the Bankruptcy

Code limits remedies to the recovery of the transferred property or its value, 11

U.S.C. § 550(a) (2001), FUFTA clearly provides additionally for "any other relief

the circumstances may require."[4] Fla. Stat. § 726.108 (2002). This catchall phrase

---

[4] Fla. Stat. § 726.108 (2002) provides the following remedies of creditors:
    (1) ... (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the

grants the court broad equitable powers.  See Invo Florida, Inc. v. Somerset

Venturer, Inc., 751 So. 2d 1263, 1267 (Fla. Dist. Ct. App. 3d Dist. 2000) (noting

that the court's equitable powers are more extensive than what is available under a

breach of contract action).  Remedies under FUFTA are, therefore, not limited to

setting aside a transfer or forcing disgorgement.  See Hansard Constr. Corp. v. Rite

Aid of Florida, Inc., 783 So. 2d 307, 308 (Fla. Dist. Ct. App. 4th Dist. 2001)

(holding that FUFTA's catchall phrase allows plaintiffs to seek money damages).

In addition, FUFTA unambiguously states that all common law remedies

supplement its application.[5]  See Invo, 751 So. 2d at 1267 (citing Fla. Stat. §

726.111 (2002)).  Together these provisions suggest that Florida's fraudulent

transfer laws are much less circumscribed outside the bankruptcy context.  And in

---

creditor's claim;
(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;
(c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>2. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>3. Any other relief the circumstances may require.

[5] Fla. Stat.§ 726.111 reads:
>Unless displaced by the provisions of ss. 726.101-726.112, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement those provisions.

contrast to the district court's interpretation, Florida's Third District Court of Appeals has treated an action for fraudulent transfer as a tort. See id. at 1265.

Because of the conflicting guidance from the intermediate appellate courts on the nature of FUFTA, its remedies, and its relationship to the Bankruptcy Code, we find it difficult to predict how the Florida Supreme Court would decide this issue. We, therefore, conclude that this case involves unanswered questions of state law that are determinative of this appeal and, having found no clear, controlling precedent in the decisions of the state's highest court, we certify the following question of law to the Supreme Court of Florida for instructions:

> Under Florida law, is there a cause of action for aiding and abetting a fraudulent transfer when the alleged aider-abettor is not a transferee?

Our particular phrasing of the question is not intended to limit the Florida Supreme Court's inquiry, and any assistance the court may offer, should it decide to accept this certification, is appreciated. The entire record in this case, together with copies of the briefs, shall be transmitted herewith to the Supreme Court of Florida.

## II. DISMISSAL OF THE NEGLIGENCE CLAIM FOR LACK OF STANDING

### A. Standard of Review

We review de novo the dismissal of a complaint for lack of standing. See Piazza v. Ebsco Indus., 273 F.3d 1341, 1345 (11th Cir. 2001). A district court's

ruling on leave to amend is reviewed for abuse of discretion. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). However, when the district court denies the plaintiff leave to amend due to futility, we review the denial de novo because it is concluding that as a matter of law an amended complaint "would necessarily fail." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999).

## B. Standing

Freeman and the Creditor Plaintiffs jointly filed the Second Amended Complaint at issue in this case. However, Count VI of that complaint, which the district court dismissed for lack of standing, alleged common law negligence "as to the receiver only against First Union only." Thus, in Count VI, Freeman alone asserted that First Union negligently facilitated the continued operation of the Ponzi scheme, even after it knew or should have known that the business was illegal. The district court concluded that, as the receiver for Unique Gems, Freeman held no power to pursue claims on behalf of the company's creditors. In response to the district court's finding that Freeman lacked standing, both Freeman and the Creditor Plaintiffs sought leave to amend the complaint to cure the defect. The district court denied their motion to amend, holding that no cure was possible.

We agree with the district court that Freeman, as receiver, could not successfully amend as to the negligence claim. However, we also agree with the Creditor Plaintiffs that they should have been given the opportunity to cure the standing defect as to any claim they may have on behalf of Ms. Martinez and the class of creditors harmed by Unique Gems' Ponzi scheme. Accordingly, we conclude that the district court erred in denying as futile the Creditor Plaintiffs' motion to amend the complaint. See St. Charles Foods, 198 F.3d at 822. We, therefore, **REVERSE** with instructions that the Creditor Plaintiffs be granted leave to amend Count VI of the complaint. We **AFFIRM** the district court's denial with regard to Freeman.

### III. CONCLUSION

Based on the foregoing, we **AFFIRM** in part, **REVERSE** in part, and **REMAND** in part the negligence claim to the district court for proceedings consistent with this opinion. **QUESTION CERTIFIED** to the Florida Supreme Court on aiding and abetting liability.