[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10534
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cv-01992-TMP

A.W.,

Plaintiff - Appellee,

versus

TUSCALOOSA CITY SCHOOLS BOARD OF EDUCATION,

Defendant,

JENNIFER BOX,
in her individual and official capacities,
MARK CAPPS,
in his individual and official capacities,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 9, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants-appellants Jennifer Box and Mark Capps appeal the district court's order allowing the plaintiff to amend her complaint to remove her federal-law claims and then remanding the case to Alabama state court. They contend that, because the plaintiff filed suit anonymously without prior court approval, the district court was powerless to do anything other than dismiss the action. We disagree, and we affirm.

The plaintiff, identified as A.W. in the complaint, alleges that in April 2011 she was raped at Eastwood Middle School ("Eastwood") in Cottondale, Alabama, by a male student when she was fourteen years old. An adult when she filed her complaint in October 2017, she sued the defendants—the Tuscaloosa City Schools Board of Education (the "Board"); Box, the principal of Eastwood; and Capps, the assistant principal of Eastwood—alleging violations of her constitutional rights, federal law, and state law. A.W. claimed that the defendants knew that male students had sexually harassed her and other female students in the past but had failed to take reasonable actions that could have prevented the assault.

The Board promptly removed the complaint to federal district court with the consent of Box and Capps. Box and Capps then moved to dismiss the complaint for failure to properly name the plaintiff, asserting that a federal court lacks

jurisdiction over an anonymous plaintiff who has not obtained the court's prior approval to proceed anonymously.

Instead of responding directly to the motion to dismiss, A.W. asked the district court to grant leave to amend the complaint to remove the federal-law claims, and then to remand the case to state court so that she could proceed under state law only. A.W. submitted an amended complaint that omitted any federal cause of action. Box and Capps responded that amendment should be denied because the complaint was a "nullity" that "never existed" and therefore "cannot be amended." While the Board joined in Box and Capps's motion to dismiss, it later added that it did not oppose going forward in state court on the state-law claims, and it did not join this appeal.

The district court[1] entered an order granting the motion to amend and remanding the case to state court. The court rejected Box and Capps's argument that A.W.'s use of her initials deprived it of jurisdiction, heeding the Supreme Court's admonition that rules—even important or mandatory ones—should not be called jurisdictional unless they affect the "court's adjudicatory capacity." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). The court further determined that it had subject-matter jurisdiction upon removal because A.W.'s original

---

[1] For ease, we refer to the magistrate judge, who exercised full jurisdiction over the case with the consent of the parties, as the "district court" or the "court." *See* 28 U.S.C. § 636(c).

complaint contained claims arising under federal law, 28 U.S.C. § 1331, so it also had supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367(a).  After accepting A.W.'s amended complaint, which omitted any claims under federal law, the court "decline[d] to exercise supplemental jurisdiction" over the state-law claims and therefore remanded them under 28 U.S.C. § 1367(c).  Box and Capps now appeal the remand order.[2]

The appellants' challenge is based on A.W.'s alleged failure to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires the complaint to "name all the parties."  Fed. R. Civ. P. 10(a).  This rule, we have said, "serves more than administrative convenience.  It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).  Despite Rule 10(a)'s "clear mandate," we have recognized that a court may permit a plaintiff to proceed anonymously in an "exceptional case."  *Id.* at 323.  "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness

---

[2] Notwithstanding the general statutory bar to appellate review of remand orders, *see* 28 U.S.C. § 1447(d), we retain jurisdiction to review remand orders, like the one here, that were based on a discretionary decision to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637–38, 640–41 (2008).

in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Aug. 1981)[3]).

Box and Capps assert that a court's grant of a plaintiff's request for anonymity is an act of jurisdictional significance.  In their view, a court lacks jurisdiction over an unnamed plaintiff who has not requested or obtained a court's approval to proceed anonymously.  And not only that, they maintain, no action is even "commenced" unless and until the court grants approval to proceed anonymously.  So, their argument goes, any pleading filed before the court's grant of approval to proceed anonymously is a "nullity and, thus, *void ab initio*."  And because A.W.'s complaint was a "nullity," in their view, it was incapable of amendment and could only have been dismissed, not remanded.

No case from this Circuit has spoken to these specific issues.  We have said that party anonymity goes against the "presumption of disclosure mandated by procedural custom" and the constitutionally embedded presumption of openness in judicial proceedings.  *Stegall*, 653 F.2d at 185; *see Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684–85 (11th Cir. 2001).  And we have recognized that "[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not."  *Plaintiff B v. Francis*,

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

631 F.3d 1310, 1315 (11th Cir. 2011).  But we have never suggested that plaintiff anonymity affects the court's jurisdiction over the case or the parties.  *Cf. Stegall*, 653 F.2d at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

With no supporting case law from this Circuit, Box and Capps point instead to the Tenth Circuit, which views a court's grant of permission to proceed anonymously as an act of jurisdictional significance.  As that court explained in *W.N.J. v. Yocom*,

> When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so.  If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.  Where no permission is granted, the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.

*W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citations and quotation mark omitted); *see also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (same).

We need not and do not decide whether the Tenth Circuit's general approach is correct—that is, whether a plaintiff's failure to seek court approval before filing suit anonymously is a jurisdictional defect.  For even if we assume that it is, the district court in this case was not required to first determine that it had jurisdiction

6

over the unnamed plaintiff or to resolve whether she could proceed anonymously before declining to exercise jurisdiction and remanding her case to state court.

The Supreme Court has explained that, while "jurisdictional questions ordinarily must precede merits determinations in dispositional order, . . . there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). In other words, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Id.* (quoting *Ruhrgas*, 526 U.S. at 585). Thus, "a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction," or vice-versa. *Id.* Likewise, a court's "determination that the merits should be adjudicated elsewhere," such as a *forum non conveniens* dismissal, allows the court to "bypass[] questions of subject-matter and personal jurisdiction." *Id.* at 432. The underlying principle is that "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Id.* at 431 (quotation marks omitted).

As relevant here, a district court declining to exercise jurisdiction over state-law claims need not first determine its jurisdiction over the parties. *See id.* Once A.W. amended her complaint, removing any federal cause of action, "the original complaint was superceded," *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), and "[t]he court had discretion to retain jurisdiction

7

over the state law claims." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (stating that "subsequent acts do not divest the court of its jurisdiction" over a removed action). Because the claims over which the court had original jurisdiction were removed from the action, § 1367(c) permitted the court to "decline to exercise supplemental jurisdiction" over the state-law claims. *See* 28 U.S.C. § 1367(c)(3). And because that discretionary decision was "a determination that the merits should be adjudicated elsewhere," the court could bypass other "questions of subject-matter and personal jurisdiction" on the way to remanding the case. *See Sinochem Int'l*, 549 U.S. at 432.

Box and Capps nonetheless maintain that the district court could not base its decision on the amended complaint because the original complaint was a "nullity and, thus, *void ab initio*," and so could not have been amended. In other words, they assert, there was actually nothing before the court on which to act, so the action must be treated as if it never existed.

We cannot agree with this approach. After all, courts may authorize amendment of a complaint under Rule 15 even in the absence of jurisdiction. *See Freeman v. First Union Nat'l*, 329 F.3d 1231, 1234 (11th Cir. 2003) (analyzing whether leave to amend should have been granted under Rule 15 even though the defect at issue implicated Article III standing); *see also In re Engle Cases*, 767 F.3d 1082, 1108 n.30 (11th Cir. 2014) ("[T]he Rule 17 and Rule 15 issues

presented are procedural and do not require us to pass judgment on the merits of the underlying claims."). And the appellants do not dispute that A.W., under the terms of Rule 15, Fed. R. Civ. P., did not even need the court's leave to file an amended complaint because she submitted the amended pleading within 21 days of Box and Capps's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B).

To accept Box and Capps's claim that A.W. could not amend her complaint, we must also accept that the alleged error here is even more fundamental than a jurisdictional error (and that there is such a category of error). But they identify no basis for that position in the Constitution, a statute, a federal rule, or a legal doctrine.[4] The public-policy concerns they cite are satisfied so long as a district court refuses to proceed with a case until the plaintiff proves her entitlement to proceed anonymously or identifies herself by name. And their proposed rule is difficult if not impossible to reconcile with our precedent in this area, which allows parties to proceed anonymously and describes Rule 10(a)'s disclosure requirement

---

[4] Box and Capps cite one district-court decision holding that no civil action is commenced by a complaint that does not name all the parties, and that without a complaint naming all parties the "[c]ourt has nothing before it on which to act." *Roe v. State of N.Y.*, 49 F.R.D. 279, 282 (S.D.N.Y. 1970). That decision, however, is inconsistent with our precedent permitting plaintiffs to proceed anonymously and without complying with Rule 10(a). *E.g.*, *Francis*, 631 F.3d at 1315–16.

To the extent the appellants claim that their position is compelled by the Tenth Circuit's approach to anonymous pleading, we disagree. Even if we adopted the Tenth Circuit's view that federal courts lack jurisdiction over unnamed parties absent court approval to proceed anonymously—though, to be clear, we do not decide that jurisdictional question—it does not logically follow that A.W.'s complaint was a nullity that could not be amended. And the Tenth Circuit has never held as much.

as a "procedural custom" that "is not absolute" and that is grounded in "the public's legitimate interest in knowing all of the facts involved," not something more fundamental. *Francis*, 631 F.3d at 1315 (quotation marks omitted); *Stegall*, 653 F.2d at 185. For these reasons, though we can think of others, we reject the appellants' assertion that A.W. could not amend her complaint or that the court was prohibited from basing its remand decision on the amended complaint.[5]

In sum, even assuming without deciding that the district court lacked jurisdiction over the case because A.W. filed her complaint anonymously without requesting or receiving court approval, the court was not prohibited from ordering a discretionary remand to state court. Rule 15 allowed A.W. to amend her complaint, and the court, based on an amended complaint that omitted any federal cause of action, did not need to consider other jurisdictional issues before remanding the action under § 1367(c). *See Sinochem Int'l*, 549 U.S. at 431–32.

For all of these reasons, we affirm the district court's order remanding A.W.'s complaint to Alabama state court under 28 U.S.C. § 1367(c). *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2008).

**AFFIRMED.**

---

[5] One additional, though not insignificant, complication in this case is that of removal, which the appellants largely fail to address. We do not see, as a practical matter, how A.W. could have obtained the district court's approval to proceed anonymously in federal court *before* the case was removed there involuntarily. To the extent the appellants claim that A.W. was required to obtain state-court approval, they have presented no authority on this issue.

10