[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13120
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00487-RH-CAS


CRAIG BASSETT,

Plaintiff-Appellant,

versus

GOVERNOR OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 1, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Craig Lewis Bassett, a Florida prisoner, appeals *pro se* the dismissal of his complaint that the Governor of Florida violated his federal civil rights, 42 U.S.C. § 1983. The district court dismissed his amended complaint for lack of standing and for failure to state a claim. Bassett argues that the Governor's refusal to address an alleged inconsistency between a Florida judicial rule of procedure and a state statute violated his federal constitutional right to due process of law. We affirm.

Bassett is serving a sentence of imprisonment for life without the possibility of parole for convictions by a Florida court of one count of sexual battery on a person less than 12 years of age and two counts of lewd or lascivious molestation on a person less than 12 years of age. Bassett alleges that, during his criminal trial, he asked his defense counsel to inform the jury of the life-without-parole sentence he would receive if convicted. His counsel allegedly informed him that a judicial rule did not allow him to do so, and the jury later found Bassett guilty as charged. Bassett alleges that, years later, he discovered a Florida statute that allegedly mandated a "jury penalty instruction." Bassett sued the Governor of Florida and alleged that the failure to inform a jury of the sentence a defendant would receive, if convicted, violates his right to due process.

We review *de novo* a dismissal for lack of standing. *Freeman v. First Union Nat'l*, 329 F.3d 1231, 1234 (11th Cir. 2003). Standing is a threshold jurisdictional

2

issue that requires a showing of an injury in fact fairly traceable to the defendant that a favorable judicial decision could redress. *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301–02 (11th Cir. 2008). "[A] plaintiff seeking only injunctive or declaratory relief must prove not only an injury, but also a real and immediate threat of future injury in order to satisfy the injury in fact requirement." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (internal quotation marks and citation omitted). And a district court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*, "viewing the allegations in the complaint as true." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

The district court committed no error in dismissing Bassett's complaint. As the district court stated, "Mr. Bassett has named as a defendant only the Governor of Florida—an official who had no role in Mr. Bassett's prosecution, conviction, or sentencing, who had no role in adopting the challenged procedure, and who does not follow or apply that procedure." Bassett's complaint fails to allege an actual or imminent injury fairly traceable to the Governor for which the district court could have afforded him any meaningful relief.

**AFFIRMED.**

3