**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-14234

Non-Argument Calendar

————————————

LANA PATRICK,

*Plaintiff-Appellant,*

*versus*

PASCO COUNTY FLORIDA TAX COLLECTOR,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-01690-WFJ-TGW

————————————

Before NEWSOM, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Lana Patrick is a self-described "Journalist/Activist." This case arises from Patrick's attempt to record a video inside the Pasco County Tax Collector's ("Tax

Collector") office near Dade City, Florida.[1] An employee within the office, Lisa McGuire, informed Patrick of the office policy that prevented recording inside the office without prior approval of the Tax Collector. Patrick initially refused to stop recording or leave the premises. McGuire called the police, who responded and provided Patrick with a trespass warning.

Patrick has filed two 42 U.S.C. § 1983 lawsuits about the same incident. Patrick first sued McGuire and two Dade City police officers in their individual capacities, but the district court dismissed the lawsuit with prejudice. In this second lawsuit, Patrick has sued defendant Mike Fasano in his official capacity as Tax Collector. In both lawsuits, Patrick asserted that the Tax Collector's recording policy violated the First Amendment.

Here, in this second lawsuit, Patrick appeals the district court's dismissal order, which (1) found res judicata barred her suit based on the dismissal of Patrick's prior lawsuit against McGuire arising from the same incident; (2) concluded Patrick failed to state a claim under the First Amendment and the Florida Sunshine Law;

---

[1] Far from a rookie at her craft, Patrick has made a habit of entering government-owned property to video matters of interest for her stories. Patrick has responded to her subsequent trespass warnings, arrests, or criminal charges by filing 42 U.S.C. § 1983 lawsuits in federal courts across this circuit. *See Patrick v. Maertz*, No. 3:24-CV-197 (M.D. Fla. dismissed Feb. 9, 2026); *Patrick v. Graham*, No. 3:24-CV-580 (M.D. Fla. dismissed Mar. 12, 2025), *appeal docketed*, No. 25-10895 (11th Cir. Mar. 20, 2025); *Patrick v. Noel*, No. 1:24-CV-23653 (S.D. Fla. dismissed June 27, 2025); *Patrick v. Moore*, No. 4:24-CV-242 (S.D. Ga. filed Oct. 24, 2024); *Patrick v. Lewey*, No. 2:25-CV-1700 (N.D. Ala. filed Oct. 3, 2025).

and (3) dismissed Patrick's claims with prejudice and without leave to amend. After careful review, we affirm.

## I. PATRICK'S FIRST LAWSUIT

In April 2024 Patrick *pro se* filed her first lawsuit (*"Patrick I"*) arising from events at the Tax Collector's office.[2] *See Patrick v. McGuire et al.*, No. 8:24-CV-999 (M.D. Fla.).

## A.    First Complaint Against McGuire and the Police Officers

Patrick's first complaint alleged as follows. On May 16, 2023, Patrick sought to video record employees of the Tax Collector's office. Once at the Dade City branch office, Patrick remained in public areas of the office. Lisa McGuire, an office manager, handed Patrick the office's recording policy. That policy required the Tax Collector's approval before any videotaping, photographing, or recording would be allowed within Tax Collector facilities.

McGuire asked Patrick to stop recording or leave. Patrick refused the request but agreed to wait outside until police arrived.

McGuire called the Dade City Police Department, whose officers responded and provided Patrick with a trespass warning. The officers informed Patrick that she would be arrested if she re-entered the Tax Collector's office. Patrick alleged the officers

---

[2] We take judicial notice of the district court's docket and filings therein from Patrick's first lawsuit, *Patrick v. McGuire*, No. 8:24-CV-999 (M.D. Fla.). *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents from a state-court eviction action).

further threatened her with arrest for her failure to produce identification.

In her first lawsuit, Patrick sued McGuire and the two Dade City police officers, all in their individual capacities. Patrick's complaint contained these 42 U.S.C. § 1983 claims: (1) all defendants violated her First Amendment rights (Count I); (2) all defendants engaged in impermissible First Amendment retaliation (Count II); (3) the police officer defendants subjected her to an unreasonable search and seizure in violation of the Fourth Amendment (Count III); and (4) all defendants violated her due process rights under the Fourteenth Amendment (Count IV). Patrick sought money damages.

**B.    2024 Dismissal of First Lawsuit**

In November 2024, the district court dismissed Patrick's first complaint with prejudice pursuant to the defendants' motions to dismiss. The district court determined that Patrick's complaint failed to state a claim and that the defendants were protected by qualified immunity.

The district court quoted the Tax Collector's recording policy as providing:

> The Pasco County Tax Collector's Office (hereafter "PCTC") will make every effort to accommodate journalists or any other individual(s) who wish to video, photograph, record, film, or interview within the interior of any PCTC facility. This policy is in place to protect the confidentiality of records and

documents exempt from public disclosure, to prevent disruptions of the PCTC's legitimate public business and rendering of public services, and to foster a safe and orderly environment for PCTC customers and employees.

. . .

No videotaping, photographing, recording, filming, or interviewing may be conducted inside any PCTC facility by anyone without prior approval of the tax collector. Violators will be requested to cease such activity immediately and/or leave the facility . . . .

All requests for approval to videotape, photograph, record, film, or interview must be submitted as far in advance as possible [to the Assistant Tax Collector for Communications and Special Projects] . . . .

Identification numbers and documents, such as passports, driver licenses, ID cards, and Social Security cards or numbers, are confidential in nature and therefore exempt from public disclosure by the PCTC. Videotaping, photographing, recording, or filming personal documents or conversation that contain information exempt from public record is prohibited.

As to Patrick's First Amendment claims, the district court reasoned, *inter alia*, that (1) at best for Patrick, the Tax Collector's office was a limited public forum; and (2) speech restrictions in such forums are constitutional if they are viewpoint neutral and "reasonable in light of the purpose served by the forum." *See McDonough v. Garcia*, 116 F.4th 1319, 1328 (11th Cir. 2024) (en banc)

(quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

The district court found the Tax Collector's recording policy was a reasonable restriction because it (1) protected confidential citizen information, such as passports, driver licenses, Social Security cards, etc.; (2) allowed employees to efficiently serve customers in a main lobby area, free from burdensome confidentiality measures; (3) allowed video recording with prior approval; and (4) "reserv[ed] the [o]ffice for its intended purpose." Because the Tax Collector's recording policy was viewpoint neutral and reasonable, the district court concluded the policy "did not violate [Patrick's] constitutional rights."

Even if video recording was not communicative conduct and a forum analysis did not apply, the district court determined that the policy was still valid because it was viewpoint neutral and reasonable.

Finding amendment of the complaint would be futile, the district court dismissed Patrick's first lawsuit with prejudice. Patrick's appeal of that decision was dismissed for want of prosecution.

## II.  PATRICK'S SECOND LAWSUIT

In June 2025, shortly after that dismissal, Patrick filed a second lawsuit under 42 U.S.C. § 1983 ("*Patrick II*") arising from the same events. *See Patrick v. Fasano*, No. 8:25-CV-1690 (M.D. Fla.). This time, Patrick sued Fasano in his official capacity as Tax Collector. Because Patrick sued Fasano in his official capacity as

Tax Collector, *Patrick II* was in effect a lawsuit against Pasco County. *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

## A.     Second Complaint

In *Patrick II*, Patrick's *pro se* complaint did not expressly repeat the factual allegations of *Patrick I*. Instead, Patrick generally alleged the Tax Collector's recording policy violated her "right of access to gather information under the [First] Amendment." Patrick alleged (1) many "citizen journalists" had been denied the ability to record within the Tax Collector's offices and detained for trespass; and (2) Tax Collector Fasano "misapplie[d] his [S]unshine [L]aw obligations."

Patrick's complaint did not include separate counts clearly stating her causes of action but rather contained only the above references to the First Amendment and the Florida Sunshine Law. Patrick sought $100,000 in punitive damages and that "the policy [be] removed as unconstitutional as a prior restraint[]."

## B.     2025 Dismissal of Second Lawsuit

In November 2025, pursuant to Fasano's motion to dismiss, the district court dismissed Patrick's claims in *Patrick II* with prejudice.

First, the district court determined Patrick's "bare-boned" complaint failed to state a claim. Incorporating the First Amendment analysis from *Patrick I*, the district court concluded that the Tax Collector's recording policy was constitutional

because it was a reasonable, viewpoint neutral restriction within a limited public forum or nonpublic forum. As to Patrick's state-law claim, the district court ruled the Florida Sunshine Law applied only to "government meetings at which official acts are to be taken," meaning Patrick's allegations of events at the Tax Collector's office did not state a violation of the statute.

Second, the district court determined Patrick's lawsuit was barred by res judicata based on *Patrick I*. The district court found every element for res judicata was satisfied because the dismissal in *Patrick I* "(1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (quoting *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020)).

For the same party or privity element in particular, the district court acknowledged Fasano was not a defendant in *Patrick I*.[3] But the district court reasoned Fasano was in privity with the Tax Office's employee Lisa McGuire such that he could invoke res judicata. The district court (1) relied on the fact that McGuire and Fasano "share the job-related goal of carrying out the [recording] policy," and (2) considered their relationship to be "sufficiently close so a judgment for or against [McGuire] should bind or protect

---

[3] In its res judicata analysis, the district court stated Fasano had been sued in the second lawsuit in his individual capacity. Patrick's complaint, however, explicitly lists Fasano as being sued in his official capacity as Tax Collector.

[Fasano]." *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). Accordingly, the district court found dismissal of *Patrick I* precluded Patrick's claims in *Patrick II*.

Lastly, the district court addressed Patrick's passing reference to the Tax Collector's recording policy as a "prior restraint." The district court ruled that the recording policy is not an unconstitutional prior restraint because it does not penalize unconsented recording and, instead, penalizes "the subsequent refusals to stop recording without consent or leave [government property] because they disrupt the purpose of the forum." *Sheets v. City of Punta Gorda*, 415 F. Supp. 3d 1115, 1126 (M.D. Fla. 2019).

The district court found amendment to the complaint would be futile and dismissed *Patrick II* with prejudice. Patrick timely appealed.

### III.  STANDARDS OF REVIEW

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Beazer v. Richmond Cnty. Constructors, LLC*, 169 F.4th 1082, 1086 (11th Cir. 2026).

"We review *de novo* a district court's decision to dismiss an action due to res judicata." *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357 (11th Cir. 2025). However, a district court's determination that two parties are in privity for res judicata purposes is reviewed for clear error. *Rodemaker*, 110 F.4th at 1327.

We review *de novo* a district court's denial of leave to amend due to futility. *Whitesell Corp. v. Electrolux Home Prods., Inc.*, 154

F.4th 1289, 1293 (11th Cir. 2025); *Freeman v. First Union Nat'l.*, 329 F.3d 1231, 1234 (11th Cir. 2003).

## IV.  RES JUDICATA

On appeal, Patrick argues the district court erred in holding res judicata bars *Patrick II*.

"The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Res judicata applies when "the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker*, 110 F.4th at 1324 (quoting *TVPX ARS, Inc.*, 959 F.3d at 1325).

Plainly, the district court's dismissal in *Patrick I* resulted in a final judgment entered by a court of competent jurisdiction. And, as explained below, we (1) readily determine Patrick's lawsuits involve the same causes of action, but (2) explain why privity is a closer issue.

### A.    Same Causes of Action

A case involves the same causes of action as a prior case when it "arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action." *TVPX ARS, Inc.*, 959 F.3d at 1325 (quoting *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010)). Lawsuits can arise out of a common nucleus of operative fact even if they involve different

legal theories, different defendants, and different requested remedies. *See Rodemaker*, 110 F.4th at 1330; *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) ("It is well settled that res judicata turns primarily on the commonality of the *facts* of the prior and subsequent actions, not on the nature of the remedies sought.").

*Patrick I* and *Patrick II* plainly arise out of the same nucleus of operative facts. Despite Patrick's attempt to plead at a higher level of generality in *Patrick II*, the Tax Collector's enforcement of its recording policy underlies both lawsuits. That Patrick's lawsuits may involve different causes of action (as-applied vs. facial challenge), different defendants (McGuire vs. Fasano), and different remedies (damages vs. injunctive relief) matters not.

Patrick's assertion that "continued application of an unconstitutional policy . . . creates a new claim" does not alter our res judicata analysis. As this Court has said before: "Factual allegations do not need to be identical to arise out of the same nucleus of operative fact. The nucleus is the core, not the core and every layer, crack, and fissure." *Rodemaker*, 110 F.4th at 1330. The core of Patrick's allegations in both lawsuits is the enforcement of the Tax Collector's recording policy, regardless of whether the allegations focus on Patrick's treatment or enforcement against other unidentified citizen journalists over an unspecified time period.

Both lawsuits effectively involve the same cause of action for res judicata purposes. This leaves the privity issue.

**B.      Same Parties or Privies**

Because Fasano was not a defendant in *Patrick I*, Fasano must show he was in privity with a defendant in *Patrick I*. *See Rodemaker*, 110 F.4th at 1328-29; *Citibank*, 904 F.2d at 1502-03.

Generally, parties are in privity when the "relationship between one who is a party of record and a nonparty . . . is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Rodemaker*, 110 F.4th at 1327 (quoting *Hunt*, 891 F.2d at 1560). Courts may consider a "non-exhaustive list of facts or factors" that favor a finding of privity:

> (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

*Id*. at 1327-28 (quoting *Griswold*, 598 F.3d at 1292).

At this early stage, four of these factors appear inapplicable to this case. Nothing in the record suggests (1) Fasano agreed to be bound by the litigation in *Patrick I*; (2) Fasano assumed control over the litigation; (3) any party tried to relitigate through a proxy; or (4) a statutory scheme foreclosed successive litigation by non-litigants. While not inconceivable that Fasano and/or Pasco

County would defend an employee like McGuire for a job-related lawsuit, there is no record evidence such coordination occurred. McGuire and Fasano did employ the same attorney, but control requires more. *See Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 711 (7th Cir. 2024) ("It is well established, however, that shared counsel alone does not amount to control and cannot alone justify preclusion of a nonparty."); *Perez v. Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir. 2001) ("The law is settled, however, that the appearance of common counsel, without more, does not prove substantial control.").

McGuire's possible "adequate representation" of Fasano's interests—the third factor—is weak at best. The Supreme Court has indicated adequate representation arises in representative lawsuits, such as "properly conducted class actions" and "suits brought by trustees, guardians, and other fiduciaries." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). *Patrick I* fits into neither category.

The closer issue is whether there was a substantive legal relationship between Fasano and McGuire that could support a finding that they were in privity. For example, an employer-employee relationship may create privity for purposes of res judicata when a claim is based upon vicarious liability. *See Citibank*, 904 F.2d at 1502-03. In such a case, where an employer's liability is derivative of the employee's liability, the application of res judicata prevents re-litigation of grounds for liability applicable to both defendants and avoids inconsistent adjudications. *Id.*

But Patrick has never made a claim that Fasano was liable for the acts of McGuire. In any event, under § 1983, Fasano cannot be vicariously liable for the acts of McGuire merely because of his role as her employer or supervisor. *See Roy v. Ivy*, 53 F.4th 1338, 1351-52 (11th Cir. 2022) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates based on a theory of *respondeat superior* or vicarious liability.").[4]

The fact that McGuire and Fasano were sued in different capacities further counsels against a finding of privity. This Court has said, "[G]enerally, a government official sued in his or her official capacity is considered to be in privity with the government, but a government official sued in his or her individual capacity is not." *Rodemaker*, 110 F.4th at 1328 (quoting *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.7 (11th Cir. 2013)). This lawsuit against Fasano in his official capacity is in effect a lawsuit against Pasco County. And McGuire, as a county employee sued in her individual capacity, generally cannot be in privity with Pasco County. *See id.*

The district court based its privity determination, in part, on its finding that McGuire and Fasano "share[d] the job-related goal of carrying out the [recording] policy." But a shared goal alone generally cannot support a finding of privity. *See Taylor*, 553 U.S. at

---

[4] This analysis applies with equal force if McGuire's employer is Pasco County and this lawsuit against Fasano in his official capacity is in effect a lawsuit against Pasco County. Pasco County cannot be vicariously liable for the acts of its employee, like McGuire. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).

886-88, 904-06 (determining that two plaintiffs in separate lawsuits were not in privity even though both had sought disclosure of same records from Federal Aviation Administration); *Griswold*, 598 F.3d at 1293 (acknowledging that "a court may no longer find privity based solely on a similarity of interests").

At bottom, based on this limited record at the dismissal stage, we need not decide whether McGuire and Fasano were in privity for res judicata purposes, because the *Patrick II* complaint was nonetheless properly dismissed for failure to state a claim.

## V.  FLORIDA SUNSHINE LAW CLAIM

On appeal, Patrick does not raise any arguments relating to the district court's treatment of her Florida Sunshine Law-related allegations. Therefore, Patrick abandoned any challenge to the dismissal of her possible Florida Sunshine Law claim. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## VI.  FIRST AMENDMENT CLAIM

On appeal, Patrick only cursorily challenges the district court's First Amendment analysis.

First, Patrick argues that the district court impermissibly copied the reasoning from *Patrick I* by a different judge and failed to perform its own First Amendment analysis. We disagree. Nothing prevented the district court from adopting the reasoning of *Patrick I* in *Patrick II*.

Second, Patrick argues the recording policy is content based and subject to strict scrutiny. We readily conclude Patrick's arguments lack merit.

"The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). But the right to record is not absolute, because "the Constitution does not require the government to 'grant access to all who wish to exercise their right to free speech,' no matter the setting, 'without regard to the nature of the property or to the disruption that might be caused by the speaker's activities.'" *McDonough*, 116 F.4th at 1322 (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799-800 (1985)). Instead, the validity of a regulation depends on the forum in which it applies: a traditional public forum, a designated public forum, a limited public forum, or a nonpublic forum. *Id.*

Patrick does not challenge the district court's characterization of the Tax Collector office's lobby as either a limited public forum or a nonpublic forum.[5] In either forum, the recording policy is constitutional if it is reasonable in light of the purposes of the forum and viewpoint neutral. *See id.* at 1324, 1328.

Patrick has shown no error in the district court's reasoning that the recording policy was reasonable. Although the public may

---

[5] There are arguments for why the lobby is really a nonpublic forum. But we need not address them here.

have an interest in the proper functioning of a county tax office, the First Amendment "does not guarantee access to property simply because it is owned or controlled by the government." *Id.* at 1323 (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 46 (1983)). The recording policy here reasonably served to (1) protect sensitive documents or conversations from disclosure; (2) prevent distractions; and (3) allow county employees to service a high volume of customers free from more burdensome confidentiality measures.

The recording policy is also viewpoint neutral. The recording policy prevents *all* video recording within the interior of a Tax Collector facility without the Tax Collector's prior approval, regardless of the speaker or videographer's purpose, goal, or viewpoint.

Patrick's attack on the recording policy as a content-based restriction is misplaced. Even if that restriction is a content-based restriction, content-based restrictions are constitutionally permissible in limited public forums or nonpublic forums so long as they are reasonable and viewpoint neutral. *See Rosenberger*, 515 U.S. at 829-30 (limited public forum); *Minn. Voters All. v. Mansky*, 585 U.S. 1, 12 (2018) (nonpublic forum). As explained above, the policy here satisfies both criteria.

On the merits of Patrick's First Amendment claim, the district court properly upheld the recording policy as a reasonable, viewpoint neutral restriction.[6]

## VII.  LEAVE TO AMEND

A *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc). Leave to amend need not be granted, however, when amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

The district court properly determined amendment of Patrick's complaint would be futile. Patrick's claims fail, not for her failure to allege sufficient facts, but because her claims fail as a matter of law. The Tax Collector employed a reasonable, viewpoint neutral restriction on recording in his facilities—no

---

[6] The district court also dismissed Patrick's prior restraint claim, reasoning that the recording policy did not function as a prior restraint. In her opening brief, Patrick never uses the term "prior restraint" and never explains the basis for any prior restraint claim. In her reply brief, Patrick does discuss her prior restraint claim, but her failure to address the district court's dismissal of that claim in her initial brief means she forfeited those arguments. *See Sapuppo*, 739 F.3d at 680; *McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1364 n.1 (11th Cir. 2021) ("[A]rguments raised for the first time in a party's reply brief are waived.").

amendment to Patrick's pleading will change that analysis. The district court properly dismissed Patrick's claims with prejudice.

## VIII.  CONCLUSION

Because Patrick's allegations fail to state a First Amendment claim, we affirm the district court's order dismissing Patrick's complaint with prejudice.

**AFFIRMED.**[7]

---

[7] Fasano's Motion for Sanctions, filed pursuant to Federal Rule of Appellate Procedure 38, is **DENIED**.